PETERS v. H. H. HARDIN & CO. et al.
(No. 7487.)

(Court of Civil Appeals of Texas. Ft. Worth. June 15, 1912.)

ASSIGNMENTS (§ 49*) — EQUITABLE ASSIGNMENT—CHECKS—BANK DEPOSIT.

That the maker of an antedated check exhibited to the payee a deposit slip covering the amount of the check when it was executed did not necessarily indicate an intention that the check was intended as an equitable assignment pro tanto of the borrower's deposit.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 85–98; Dec. Dig. § 49.*]

Appeal from Howard County Court.

Action by C. C. Peters against H. H. Hardin & Co. and others. Judgment for defendants, and plaintiff appeals. Affirmed.

J. T. Brooks, of Big Springs, and Slay, Simon & Wynn, of Ft. Worth, for appellant. Littler & Penix and S. H. Morrison, all of Big Springs, and C. K. Bell, of Ft. Worth, for appellees.

### Conclusions.

CONNER, C. J. The vital question in this case is whether the check given to appellant, Peters, by L. J. Sheets constituted under the circumstances an assignment pro tanto of the funds Sheets at the time had to his credit in the First State Bank of Big Springs. The trial court determined the question adversely to appellant, and we are called upon to reverse this finding. The case most nearly in accord, perhaps, with appellant's contention herein is that of the New York Life Insurance Co. v. Patterson, 35 Tex. Civ. App. 447, 80 S. W. 1058, by the Court of Civil Appeals for the Third District, in which a writ of error was refused by the Supreme Court. In that case, however, there was a finding both by the trial court and the Court of Civil Appeals that the transaction there involved authorized the conclusion that the parties to the check intended the transaction as an assignment of the fund drawn upon. But here the finding on the part of the trial court having power to discredit interested witnesses is directly to the contrary. Had the finding in the case before us been in appellee's favor on the issue of assignment vel non, we would be very much inclined to hold that the evidence warranted such a conclusion, but, after a careful consideration of the facts as presented in the record, we feel unable to say as a matter of law, that the evidence requires a finding in direct opposition to that actually made by the trial court. It is conceded, as it must be, that the mere drawing of a check by one upon a bank in which he has funds to his credit will not, in the absence of a purpose to do so, amount to an assignment of the fund. See House v. Kountze, 17 Tex. Civ. App. 402, 43 S. W. 561, and authorities therein cited. The circumstances here relied upon as indicating an assignment rests largely upon appellant's own testimony, and amounts principally to the fact that at the time Sheets drew the check in appellant's favor he exhibited a deposit slip covering the amount of the check. If this be wholly credited we are not prepared to hold that it, in legal effect, is more than is to be implied from the mere drawing of the check. It is significant had the intent of the parties been to make an assignment pro tanto of the fund that terms either in the check or verbally manifesting such intent were not used. We ought not to be required to overturn the trial court's findings to the contrary from doubtful circumstances when the parties themselves omitted to clearly evidence in some way their purpose to constitute the transaction such as appellant now insists that it is. It seems clear to us that Sheets' deposit at the bank was not a special one in the sense that the check thereon of itself operated as an assignment of the fund to the extent called for by the check.

So that, on the whole, we conclude that the trial court's findings of fact and law must be sustained, and the judgment affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes