### FIRST NAT. BANK OF RISING STAR v. TEXAS MOLINE PLOW CO. et al. (No. 7962.)

(Court of Civil Appeals of Texas. Ft. Worth. May 9, 1914. Rehearing Denied June 13, 1914.)

1. ASSIGNMENTS (§ 49*)—DEPOSITS—CHECKS.

The mere giving of a check on a bank, even for a valuable consideration, does not, prior to acceptance by the bank, operate as an assignment pro tanto of the amount standing to the credit of the drawer, though the circumstances may be such as to amount to an assignment pro tanto before acceptance of the check.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 85–98; Dec. Dig. § 49.*]

2. ASSIGNMENTS (§ 49*)—DEPOSITS—CHECKS.

To constitute the giving of a check on a bank by a depositor thereof an assignment pro tanto of the deposit, the parties must have intended that the check should so operate.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 85–98; Dec. Dig. § 49.*]

3. ASSIGNMENTS (§ 49*)—DEPOSITS—CHECKS.

Where the court found that a deposit was subject to the payment of checks generally, and was not a special deposit, but did not find that it was understood that the giving of a check should operate as an assignment pro tanto, the findings warranted the legal conclusion that the check was not an assignment of any part of the deposit.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 85–98; Dec. Dig. § 49.*]

Appeal from District Court, Eastland County; Thos. L. Blanton, Judge.

Action in garnishment by the Texas Moline Plow Company and others, as plaintiffs, against the City National Bank of Eastland, as garnishee, to subject a deposit in favor of T. B. Roberds to the payment of a judgment held by plaintiffs, in which the First National Bank of Rising Star intervened. From a judgment for plaintiffs, the intervener appeals. Affirmed.

Scott & Brelsford, of Eastland, for appellant. D. M. Oldham, Jr., of Abilene, and Earl Conner, of Eastland, for appellees.

DUNKLIN, J. This is a suit in garnishment instituted by the Texas Moline Plow Company, Mayhew & Co., and the Merchants' & Farmers' National Bank of Cisco, as plaintiffs, against the City National Bank of Eastland, as garnishee, to subject a deposit in that bank in favor of T. B. Roberds to the payment of a judgment held by the plaintiffs against Roberds. The First National Bank of Rising Star intervened in the suit, claiming the deposit by reason of a check given by Roberds in favor of the intervener for the deposit before the service of the writ of garnishment. From a judgment in favor of the plaintiffs subjecting the deposit to their claim the intervener has appealed.

The trial was by the court without the aid of a jury, and the following are the findings of fact and conclusions of law filed by the trial judge:

#### "Findings of Fact.

"I find that on February 28, 1913, the defendant T. B. Roberds made a general deposit of $1,000 in the City National Bank of Eastland, Tex., and that prior to that time he had made various general deposits therein, and had from time to time *drew* checks thereon until on March 24, 1913, the same was reduced to the sum of $751.45; that on March 25, 1913, the said balance was reduced by the payment of checks to $748.45, and all times such deposit was subject to the payment of checks generally, and was not a special deposit at any time.

"(2) I find that on the morning of March 29, 1913, the said the City National Bank credited the sum of $518.34 of the balance of such deposit in liquidation of a past-due indebtedness of the said T. B. Roberds, to said bank, leaving a balance to the credit of T. B. Roberds in said bank on the morning of March 29, 1913, of the sum of $230.11, and that all parties agreed in open court that said bank had the right to apply said $518.34 to its debt.

"(3) I find that all parties to this cause agreed in open court that the only issue in this case was as to the amount of said $230.11, and as to the rights of the several parties with respect thereto.

"(4) I find that on March 24, 1913, and prior thereto the defendant T. B. Roberds was indebted to the First National Bank of Rising Star in an amount in excess of $751.45, and that on that date he drew a check on the City National Bank of Eastland, Tex., for that amount, to wit, $751.45, in favor of the First National Bank of Rising Star, and placed the same with said bank which gave him, the said T. B. Roberds, credit for that amount, and that said check was in due course of time forwarded through the correspondent bank of the Rising Star Bank, at Waco, Tex., for collection, and that said check for $751.45 was received through the mails at Eastland, Tex., by the City National Bank between 3 o'clock and 4 o'clock p. m. March 29, 1913, and that the City National Bank refused payment of said check, noting on the back of the same that payment was refused because it had been garnished.

"(5) I find that the City National Bank of Eastland had been garnished with writ of gar-

nishment served on it about noon on March 29, 1913, issued out of cause No. 6, styled 'Texas Moline Plow Co. v. T. B. Roberds et al.' pending in the district court of Eastland county, Tex., and wherein there was a valid judgment against the said T. B. Roberds and others, in favor of the Texas Moline Plow Co. for an amount greatly in excess of the amount of the $751.45 check.

"(6) I find that at no time did the City National Bank of Eastland have any notice of any kind that said $751.45 check had been drawn, or of its existence until it received the same on the evening of March 29, 1913, and after it had canceled a past-due indebtedness due it by T. B. Roberds, and after it had been garnished.

"(7) I find that all parties hereto agreed in open court that a fee of $25 for the City National Bank for answering this writ of garnishment was a reasonable fee for such service.

### "Conclusions of Law.

"1. I conclude that the City National Bank of Eastland is entitled to a fee of $25 for answering in this cause.

"2. I further conclude that the giving of said check for $751.45 was not, under the facts in this case, an assignment of that amount, or any other amount of the general deposit of the said T. B. Roberds with the City National Bank of Eastland, at the time of the giving of such check, or at any other time, and that therefore the sum of $230.11 on deposit with the City National Bank at the time of the service of the writ of garnishment on it in this cause was subject to such garnishment and to the payment, pro tanto, of the judgment of the Texas Moline Plow Co. against said T. B. Roberds."

But one assignment of error is presented, which reads:

"The court erred in its conclusion of law No. 2, in which he found as matter of law that the giving of the check in controversy by Roberds to the First National Bank of Rising Star was not an assignment of the funds of said Roberds on deposit with the City National Bank of Eastland at the time of the execution and delivery of the check to said First National Bank of Rising Star, or at any other time, and therefore that the deposit of said Roberds with the Eastland National Bank was subject to garnishment at any time prior to the receipt of the check and acceptance and payment of same by the bank on which it was drawn."

[1] It is well settled in this state that the mere giving of a check upon a bank even for valuable consideration does not, prior to its acceptance by the bank, operate as an assignment pro tanto of the amount standing to the credit of the drawer of the check. House v. Kountze, 17 Tex. Civ. App. 402, 43 S. W. 561; McBride v. American Railway & Lighting Co., 127 S. W. 229. It is equally as well settled that the facts and circumstances in conjunction with the giving of a check may be such as to constitute an assignment pro tanto of the deposit in bank even before the check is accepted by the drawee bank. N. Y. Life Ins. Co. v. Patterson & Wallace, 35 Tex. Civ. App. 447, 80 S. W. 1058; Burns & Bell v. Lowe, 161 S. W. 942.

[2] One of the essentials necessary to constitute such an assignment is the intention of the parties that the check shall have that effect. The absence of such intention is not-

ed in House v. Kountze, supra, and the necessity for the same in order to constitute an assignment is recognized in McBride v. American Ry. & Lighting Co., supra, and the decisions therein cited, and also in Peters v. Hardin & Co., 168 S. W. 1035 (No. 7487 by this court, and not yet officially published).

[3] It will be observed that the assignment is to the conclusion of law by the trial court from the facts found by him that the giving of the check did not amount to an assignment of the credit in favor of Roberds in the garnishee bank. It will be noted, further, that there is an absence of any finding of fact by the trial judge that it was intended and understood between Roberds and the intervener bank at the time the check was given that the same should operate as an assignment pro tanto of the amount on deposit to his credit in the garnishee bank. It will be noted, further, that the court has expressly found that the deposit in favor of Roberds was subject to the payment of checks generally, and was not a special deposit. The facts so found constitute the sole basis of the judgment, and we think warrant the conclusion reached that the check did not constitute an assignment of any part of the deposit to the credit of T. B. Roberds. Accordingly the assignment of error is overruled, and the judgment is affirmed.

Affirmed.