**RICHARDSON et al. v. ISHAM. (No. 10698.)***

(Court of Civil Appeals of·Texas. Ft.·Worth. June 14, 1924. Rehearing Denied Oct. 18, 1924.)

**1. Banks and banking ⬅130(1)—Bank, permitting withdrawal of money deposit in violation of depositor's specific instructions as to disposition, held liable.**

Bank, permitting withdrawal of money deposit in violation of depositor's specific instructions as to disposition, held liable, for amount of deposit, for breach of trust.

**2. Trusts ⬅356(2)—Party appropriating trust deposit held liable as party to bank's breach of trust.**

Party appropriating fund deposited as trust fund in violation of depositor's instructions to bank held party to bank's breach of trust, and liable with bank for sum so appropriated.

**3. Assignments ⬅48—Bank's book entry crediting deposit of one to another held not operative as assignment of fund.**

Bank's mere book entry crediting deposit of one to another held not operative as·assignment of fund to other.

Appeal from District Court, Young County; H. R. Wilson, Judge.

Action by J. E. Isham against J. T. Richardson and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Brown & Graham, of Graham, for appellants.

Binkley & Binkley, of Graham, for appellee.

CONNER, C. J. J. E. Isham instituted this suit against J. T. Richardson. and the First. National Bank of Olney to recover the sum of $1,060.98, alleged to have been deposited in said bank by the plaintiff and later misapplied by the bank by paying it to defendant Richardson. As presented in the petition and in the testimony in behalf of plaintiff, the facts out of which the controversy arose are, substantially, that on the 1st day of January, 1918, the plain-

tiff purchased of the defendant J. T. Richardson 320 acres of land in Young county, for which he gave in cash $760 and his eight certain promissory vendor's lien notes, severally payable on the 1st day of December of each year following, and it was alleged that upon the maturity of the first note the plaintiff was unable to pay it and that the defendant agreed to extend its payment if the plaintiff would give a mortgage on the year's cotton crop, which plaintiff forthwith executed; that on the next day, however, following the execution of the mortgage, the defendant Richardson instituted suit in the district court upon said notes, declaring the entire series due, thereby having fraudulently induced the execution of the said mortgage; that said suit remained pending upon the docket until the September term of said court, 1919; that in the intervening time he had deposited in said national bank the said sum of $1,060.98, with instructions to pay the same to the defendant Richardson in event only that Richardson would credit the amount upon the notes and execute in writing a receipt therefor; that later, when said case was called in said district court, the plaintiff and defendant Richardson compromised their differences by an agreement on the part of plaintiff to reconvey said tract of land to Richardson for the principal and interest upon said series of unpaid notes, as shown by the notes themselves; that pursuant to the terms of the compromise, the plaintiff executed the reconveyance contemplated and, upon going to the bank the day thereafter to withdraw his said deposit, ascertained for the first time that the bank had permitted the defendant Richardson to withdraw the same without having given a receipt therefor and without having indorsed credit therefor upon said notes. It was alleged that in making the deposit it was not the purpose of the plaintiff to have the same credited to the defendant Richardson until and after, and only after, Richardson evidenced his acceptance thereof by a formal receipt and by indorsement of the same as a credit upon the notes.

The case was submitted to a jury upon special issues, in answer to which the jury found that the reconveyance from Isham and wife to Richardson was in full settlement of the indebtedness "then shown to exist by said notes"; that at that time $210 had been paid by the plaintiff upon the notes; that the $1,060.98 deposited by Isham was to be paid to Richardson "only when the notes were credited and Isham receipted" therefor; that Isham instructed the bank not to pay out the money deposited by him to Richardson until Richardson "had credited such sums on said notes and executed a receipt therefor." Upon the findings, the court rendered judgment in plaintiff's favor against both the bank and defendant Richardson for the said sum of $1,060.98, and the defendants have prosecuted this appeal.

[1] We have carefully considered the evidence and appellant's assignments of error and find nothing in the case that requires any special discussion. As presented in this record, the evidence undoubtedly is fully sufficient to establish the facts as above detailed, and we are unable to approve the theory upon which appellants apparently present the case here. The case, as we view it, is not one of simply conversion alone, but one in which a deposit of money was made in the appellant bank with specific instructions as to its disposition, and in permitting its withdrawal in violation of its instructions it rendered itself liable.

In 5 Cyc. p. 515, under the title of Banks and Banking, it was said that—

"In using deposits made for the purpose of having them applied to a particular purpose, the bank acts as the agent of the depositor, and if it fail to apply it at all, or misapply it, it can be recovered as a trust deposit."

[2, 3] The text is supported by numerous decisions cited in the quotation, and we think must undoubtedly be accepted as the law. The evidence certainly warranted the inference that the distinct understanding of the plaintiff at the time of the execution of the reconveyance was that the funds that plaintiff had deposited in the bank yet remained his own, and that the consideration for the reconveyance was the sum expressed upon the notes as presented and delivered to him at the time of the settlement, and Richardson in having appropriated the trust fund in violation of the bank's instructions made himself a party to the breach of trust and liable as well as the bank for the sum so misapplied. The mere fact that the bank in entering the deposits on its books entered it to the credit of appellant Richardson did not and could not operate as a legal assignment of the fund. See Peters v. Hardin & Co. (Tex. Civ. App.) 168 S. W. 1035; First National Bank of Rising Star v. Texas Moline Plow Co. (Tex. Civ. App.) 168 S. W. 420; 2 Michie on Banks and Banking, p. 894, § 119.

We conclude that there is no merit in the appeal and that the judgment below should be affirmed, and it is accordingly so ordered.

BUCK, J., not sitting.