## SLAUGHTER v. FIRST NAT. BANK OF LAMESA et al. (No. 2307.)

Court of Civil Appeals of Texas. El Paso.
June 13, 1929.

Rehearing Denied June 27, 1929.

Winfrey & Lane, of Dallas, for plaintiff in error.

Garland & Yonge, of Lamesa, and Roscoe Wilson, of Lubbock, for defendants in error.

PELPHREY, C. J. In May, 1927, Jim Phillips bought from C. C. Slaughter 180 head of yearling heifers at a price of $5,300. Phillips proposed to pay for said cattle with a draft on a commission firm in Kansas City; the First National Bank of Lamesa wired the commission company regarding the proposed draft, and it wired back that it would pay same, but later refused to pay the full amount.

In the same month Phillips bought from W. L. Ellwood and Bass Arnett 27 head of fat cows at a price of $1,485.

The commission company remitted to the First National Bank of Lamesa $4,622.89, which amount it claimed was all the Slaughter cattle brought.

On May 28, 1927, Phillips drew a sight draft on either a commission company or a bank in Kansas City for $1,400 for the Ellwood and Arnett cattle, and the bank after receiving a promise to pay the draft, by wire, credited Phillips' account with said sum. Slaughter on June 4, 1927, filed suit against Phillips and sued out a writ of garnishment against the First National Bank of Lamesa, Tex.

The bank answered that it had to the credit of Phillips the sum of $6,110.09, and prayed for $25 for attorney's fees incurred in filing said answer.

Arnett and Ellwood intervened in the garnishment suit alleging that $1,485 of the funds in the hands of the bank belonged to them by virtue of a special deposit or an equitable assignment.

On May 11, 1928, Slaughter took a default judgment against Phillips on his debt for $5,600. The present case was tried before the court on December 7, 1928, and resulted in a judgment in favor of Slaughter against the bank for $4,710.09; in favor of Arnett and Ellwood against the bank for $1,400; in favor of Arnett and Ellwood against Phillips for $85; in favor of the bank against Phillips for $25 attorney's fees; and in favor of all the parties against Phillips for their respective costs.

Slaughter appeals, and interveners, Arnett and Ellwood, file two cross-assignments of error.

### Opinion.

We will here quote that part of the findings of fact which form the basis of the trial court's judgment. They read:

"4. I find that on May 28, 1927, the Intervenors, W. L. Ellwood and Bass Arnett sold

and delivered to the Defendant, Jim Phillips, twenty-seven (27) cows and in payment for same the said Defendant executed in writing and delivered to the intervenors his check for $1485.00 drawn on the First National Bank of Lamesa, Garnishee; that at the time the said Defendant agreed with the Plaintiff, Bass Arnett who was acting for himself and for the Plaintiff, W. L. Ellwood, that he was going to sell the cattle and that the proceeds of the sale of the cattle would be deposited in the said Garnishee Bank, in order that the check given for the purchase price of the said cows might be paid and that such proceeds would be deposited in the said Bank for that purpose. I further find that after the said cows were delivered to the said Defendant, Jim Phillips, he shipped same to market in Kansas City, Missouri, and that the said cattle were sold for him through a commission house in said City and that the sum of $1400.00 proceeds of the sale of said cattle was remitted by the said Commission house to the, Defendant, Jim Phillips, and was immediately by him deposited to his credit in the Garnishee Bank in the same form in which it was remitted to him, and that such sum was the proceeds from the sale by Phillips, of the cattle sold to him by Arnett and Ellwood and that said sum was deposited in the said Bank in compliance with the agreement previously had between Defendant, Jim Phillips, and the Plaintiff, Bass Arnett; that, at about the same time the said sum of $1400.00.was deposited in said Bank, the defendant, Jim Phillips, deposited or had to his credit in the said Bank an additional sum of $87.25.

"5. I find that at the time the said sum of $1400.00 was deposited to the credit of the Defendant, Jim Phillips, in the Garnishee Bank, the Defendant, Jim Phillips, informed said Garnishee Bank that he had a check outstanding against the said fund.

"6. I find that thereafter the Defendant, Jim Phillips, received funds amounting to approximately $4622.89, which sum was the proceeds of the sale of some cattle which the Defendant had purchased from C. C. Slaughter, the Plaintiff in this case; that the said Defendant had agreed to pay to the Plaintiff, Jim Phillips, the sum of $5300.00 for said cattle and had delivered to the Plaintiff a draft on a commission house in Kansas City for the purchase price of said cattle and the said Commission house had advised the Plaintiff by telegram, in response to his inquiry, that the draft would be paid; that the proceeds of the sale of the Slaughter cattle were insufficient to pay said draft and the Plaintiff, thereupon filed suit against Defendant Jim Phillips, and sued out this writ of Garnishment.

"7. That, as hereinbefore stated, the Garnishee Bank answered that it had a total sum of $6110.09 belonging to the Defendant; That such sum included the sum of $1400.00 which sum was the proceeds of the sale of the Ellwood and Arnett cattle and which sum the Defendant, Phillips, had agreed to deposit in the Bank for the said Ellwood and Arnett and which he had deposited for that purpose and with which, in addition to other funds deposited by him, his check for $1485.00 should be paid to the said Intervenors.

"8. I find that the check for $1485.00 given by the Defendant to the Intervenors was forthwith promptly deposited by them in the Citizens National Bank of Lubbock and forwarded without delay to the First National Bank of Lamesa, for payment and that at the time the said check was presented to said Bank for payment, payment of the same was refused by the said Bank on account of the fact that the said Writ of Garnishment had been served upon it. I further find that when the Intervenors were notified that payment of the said check had been refused on account of Writ of Garnishment, the Intervenors informed the Garnishee Bank that they had an agreement with the Defendant that the deposits hereinbefore described would be deposited in the said Bank for the purpose of paying the check, and that the sum of $1485.00 deposited in the said Bank to the credit of the Defendant belonged to the Intervenors and demanded payment of said sum. I further find that the said Bank refused payment but advised the Intervenors that at the time of the deposit of $1400.00 was made, the Defendant had advised the said Bank that he had issued a check against said sum.

"9. I find that the sum of money on deposit in the Garnishee Bank to the credit of the defendant at the time the Writ of Garnishment was served upon said Bank included the sum of $1400.00, the proceeds of the sale of the cattle purchased by the Defendant from the Intervenors; that it also included a sum of $4622.89, which sum was the proceeds of a sale of cattle purchased by the Defendant from the Plaintiff, C. C. Slaughter; that the remainder of said sum were general funds deposited by the defendant.

"10. I find that the sum of $25.00 is a reasonable attorney's fee for the Garnishee in this case."

The court also filed the following conclusions of law:

"I conclude as a matter of law that the agreement between the defendant and the Intervenors through Bass Arnett that the proceeds of the cattle purchased by the Defendant from the Intervenors would be deposited in the Bank for the purpose of paying the check which the Defendant gave to the Intervenors in payment for the cattle and the subsequent deposit of the sum of $1400.00 proceeds of the sale of said cattle in the said Bank constituted an equitable assignment of the amount of $1400.00 to the Intervenors, W. L. Ellwood and Bass Arnett, and that said sum of $1400.00 was not subject to the Writ of

Garnishment and was not legally impounded by said Garnishment but that said sum belonged to the Intervenors at the time the said Writ of Garnishment was issued and served upon said Bank and that the remainder of the sum on deposit in said Bank at the time the said Writ of Garnishment was served upon it, except the sum of $1400.00, was subject to the Writ of Garnishment, and that the Plaintiff, C. C. Slaughter, is entitled to judgment against the Garnishee for the sum of $4710.09; and that the Interveners W. L. Ellwood and Bass Arnett are entitled to judgment against Garnishee for the sum of $1400.-00, and that said Interveners are entitled to judgment against Plaintiff for their costs and that Garnishee is entitled to judgment against the Plaintiff for its costs, including the sum of $25.00 for attorney's fees for the Garnishee; and that the plaintiff, Intervenors and Garnishee are entitled to judgment against Defendant for all costs of this suit, and that in addition thereto, the Intervenors are entitled to judgment against the Defendant for the sum of $85.00 with interest thereon from December 7, 1928, until paid, at the rate of six per cent per annum; and that the said sum of $25.00, Garnishee's attorney's fees, should be taxed as costs of Court."

The first three propositions in the brief of plaintiff in error attack the correctness of the court's conclusion of law to the effect that the facts and circumstances show an equitable assignment of the $1,400 to Ellwood and Arnett.

■ While the Negotiable Instruments Act (title 98, Revised Statutes 1925) § 189, provides that a check of itself does not operate as an assignment of any part of the funds to the credit of the depositor with the bank, yet it is entirely competent for the parties to create such an assignment by their agreement or understanding, oral or otherwise, in addition to the check that such shall be the effect of the transaction. Hatley v. West Texas Nat. Bank (Tex. Com. App.) 284 S. W. 540; First Nat. Bank v. Texas Moline Plow Co. (Tex. Civ. App.) 168 S. W. 420. Therefore the giving of the check by Phillips to Ellwood and Arnett did not in itself constitute an assignment of the fund, and if any assignment took place it was as a result of circumstances other than the mere giving of the check.

■ The court found that at the time of the sale of the cattle by Ellwood and Arnett, Phillips agreed with Arnett to sell the cattle, and deposit the proceeds of such sale in the First National Bank of Lamesa for the purpose of meeting the check which he was to give for the purchase price of the cows.

This finding is supported by the evidence, and, in our opinion, shows an equitable assignment of the proceeds of the sale of the cows.

The evidence in the case and the finding of the court show an agreement between Arnett and Phillips that whatever amount was derived from the sale of the cows was to be dedicated to the payment of the check given for their purchase.

Under his fourth proposition plaintiff in error questions the sufficiency of the evidence to support the findings of the court that the sale and delivery of the cows was made on the same day the $1,485 check was given, and that, at about the same time the $1,400 was deposited in the bank, Phillips deposited or had to his credit the sum of $87.25.

His contention in these matters appears to be correct, yet we fail to see how these findings had any bearing upon the main question in the case. The time when the cows were delivered or the amount Phillips had on deposit at the time of the $1,400 deposit could in no way affect the agreement which the court found was made between Arnett and Phillips to deposit the proceeds of the cows in the Garnishee Bank to meet the check which was to be given.

■ We find no merit in the fifth proposition. The court based its judgment upon the theory of an equitable assignment, and the question of whether or not Phillips had told the bank of the check in question could have no bearing thereon. If the court had permitted recovery on the theory of a special deposit, then a finding on the question would have become material.

The question upon which the disposition of this case depends being whether the facts and circumstances are sufficient to constitute an equitable assignment, we have not cited authorities in support of our conclusion, although we have read those cited by the parties, together with many others bearing on the question.

Defendants in error have two cross-assignments to the court's action in failing to render judgment in their favor for $1,485, instead of $1,400.

As has been said in disposing of the propositions of plaintiff in error, the assignment was of the proceeds of the sale of the cows, and that appearing from the record to have been $1,400, defendants in error could recover only that amount.

We have carefully considered the questions presented, and, finding no error in the record, the judgment of the trial court is in all things affirmed.