**LUBBOCK NATIONAL BANK, Appellant,**

v.

**PRODUCER'S GRAIN CORPORATION, Appellee.**

**No. 4361.**

Court of Civil Appeals of Texas, Eastland.

Feb. 27, 1970.

Key, Carr, Evans & Fouts, Aubrey J. Fouts, Lubbock, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, A. W. SoRelle III, Amarillo, for appellee.

WALTER, Justice.

This is a venue case. Producer's Grain Corporation's plea of privilege was sustained and The Lubbock National Bank has appealed.

The Bank filed suit in Lubbock County seeking to recover $22,850.14 on five drafts drawn by N. K. Parrish, Inc., on Producers, payable to the Bank. Producers filed a plea of privilege to be sued in Potter County. In the Bank's controverting plea, it contended venue was proper in Lubbock County under Subdivision 23 of Article 1995, Vernon's Ann.Tex.Civ.St. The Bank had the burden of establishing conclusively or by producing some evidence

of probative force and securing findings from the court on the following:

(1) that it had a cause of action

(2) that it was domiciled in Lubbock County when its claim or a part thereof arose and

(3) that Producers had an agency or representative in Lubbock County.

We hold that the Bank failed to discharge its burden of establishing that it had a cause of action and affirm the judgment.

The Bank's cause of action is based on five drafts drawn by N. K. Parrish, Inc., on Producers and payable to the Bank. The Bank contends, that under the facts of this case, the transaction amounts to an assignment to the Bank of the funds owing by Producers to Parrish, arising out of the purchase of grain involved in this transaction.

The Collection and Exchange Teller at the Bank testified that the five drafts were deposited to the credit of N. K. Parrish; that the funds represented by the drafts were withdrawn from the account before the drafts were returned with the notation on the drafts "Payment refused: applied on A/C."

A salesman for Parrish testified that the funds from the drafts were used to pay Goodpasture Grain for the grain that was shipped to Producers; that he negotiated the contract for the sale of the grain; that he prepared an instrument, dated December 5, 1968 which contains the details of the contract he made with Producers. This instrument was introduced in evidence by the Bank and contains the following: "Terms — Draft — Bank — First National Bank, Amarillo." Another instrument, designated "Confirmation of Purchase" signed by Producers was introduced in evidence. This instrument contains the following: "Draw on us through First National Bank, Amarillo, Texas—Draw draft upon shipment."

Frank Phariss, executive officer of Producers, testified that he was the person who made the decision not to pay the drafts; that at the time he refused to pay the drafts, he knew they represented grain purchased by producers from Parrish and that his reason for not paying the drafts was because Parrish was indebted to Producers.

Articles 3.401 and 3.409 of the Business and Commerce Code of Texas provides:

"§ 3.401. Signature

(a) No person is liable on an instrument unless his signature appears thereon.

(b) A signature is made by use of any name, including any trade or assumed name, upon an instrument, or by any word or mark used in lieu of a written signature."

"§ 3.409. Draft not an Assignment

(a) A check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it.

(b) Nothing in this section shall affect any liability in contract, tort or otherwise arising from any letter of credit or other obligation or representation which is not an acceptance."

The Bank contends its cause of action against Producers on the theory of assignment by operation of law is supported by this court's opinion in Banco Longoria, S.A. v. El Paso National Bank, 415 S.W.2d 1, (1967 writ ref. n. r. e.). We held in Banco Longoria:

"It is well settled, however, that the parties may agree orally or otherwise that the transaction shall operate as an assignment and where it is shown that it was the intention of the parties that the check was to paid out of a particular fund there is an equitable assignment of that much of the fund."

There was evidence in the Banco Longoria case to support a finding of an equitable assignment of the funds represented by the Stadtler check. On two occasions the El Paso Bank was assured by officials of the Mexican Bank that the check was good and the Mexican Bank would protect the El Paso Bank. The Banco Longoria case is not in point here because the facts are different.

 The evidence in the case at bar does not conclusively show an equitable assignment. The most that could be said about the evidence here is that it is conflicting and the court found against appellant's contention. No findings of fact or conclusions of law were requested or filed, we must therefore assume that the trial court's findings were all in support of its judgment. City of Abilene v. Meek, Tex.Civ.App., 311 S.W.2d 654 (writ ref. 1958).

The appellant says:

"The principles of law which establish the cause of action of The Lubbock National Bank against Producers Grain Corporation in this case are found in the case law which is not affected by the above statutory provision." (Referring to the Articles quoted from the Business and Commerce Code). We hold that the record does not support the Bank's contention.

The judgment is affirmed.