### BELVA OIL CO. v. LOWE.
No. 685.

Court of Civil Appeals of Texas. Eastland.
April 11, 1930.
Rehearing Denied May 9, 1930.

Conner & McRae, of Eastland, for appellant.

Grisham Bros., of Eastland, for appellee.

FUNDERBURK, J.

C. C. Lowe recovered judgment against J. W. Franks for the sum of $380. Pending the suit in which judgment was recovered, a writ of garnishment was, on March 9, 1929, served upon Belva Oil Company, a corporation. The garnishee made answer to the writ, denying that it was indebted to J. W. Franks in any amount, but in the answer set forth that, prior to the service of the writ, the Good Luck Casing Crew had performed services as a casing crew for the garnishee, by which said crew had earned the sum of $905, which was the price garnishee had contracted to pay them therefor, that Good Luck Casing Crew was a partnership, composed of J. W. Franks and four other persons, who were entitled to their own respective and equal portions of the total sum earned by the crew, and that of said total sum J. W. Franks was not entitled to all of said amount, but only to his individual portion thereof, and that the funds were partnership funds once due the partnership casing crew. It was further alleged that, prior to service of the writ, garnishee, upon proper orders of J. W. Franks, had paid out various sums aggregating $600, that, of $305 on hand at the time of the service of the writ, garnishee had subsequently paid $135 to Fred Griffin, $135 to W. F. Stewart, and $35 to H. L. Luehke, it being alleged that each of said parties were members of said Good Luck Casing Crew, and that the several amounts paid each were due each upon his individual interest in the total sum that garnishee had been indebted to said Good Luck Casing Crew.

The answer of the garnishee was controverted by the plaintiff in garnishment, and upon the issues thus joined the court, upon the trial of the case, gave judgment for plaintiff in garnishment against garnishee for the sum of $305, from which the latter prosecutes this appeal.

Appellee had the burden of showing, by a preponderance of the evidence, that the $305 in question was an indebtedness owing by appellant to J. W. Franks, and this included the burden of showing that the said fund was one subject to the writ of garnishment. Appellee, in his brief, states that only two legal questions are involved, namely, (a)

"Did the garnishee, appellant, plead a defense?" (b) "Did the plaintiff offer sufficient testimony to authorize the trial court to find that the $305.00 belonged to J. W. Franks?" Appellee concedes that, if the fund was a partnership fund, it was not subject to garnishment.

Since judgment was for appellee and there are no cross-assignments raising any question as to the sufficiency of the pleadings, we are inclined to the view that no question is presented as to whether or not appellant pleaded a defense. At any rate, the issue was presented as to whether the garnishee owed the $305 to J. W. Franks as an individual, and that is sufficient to test the soundness of the judgment below.

■■ We are inclined to the view that the evidence was sufficient to show that the entire fund of which the balance of $305 was a part was, in fact, a partnership fund. But, since the judgment of the trial court was, in effect, a finding to the contrary, we think it unnecessary to determine the question of partnership. The admission of appellee that, if it was a partnership fund, it was not subject to garnishment, makes it unnecessary to cite any authority to support the proposition that a partnership fund is not liable to garnishment for the debt of an individual member.

■ We have reached the conclusion that, if the members of the Good Luck Casing Crew were not, in fact, partners, that, nevertheless, from all the testimony, it appears unquestionably that the one or more contracts under which appellant acknowledged that it owed a balance of $305 at the date of the service of the writ were made with appellant in pursuance of a pre-existing agreement between the said J. W. Franks and the three parties to whom, after service of the writ, the said $305 was paid, which agreement and the services of the said parties performed thereunder constituted said fund a trust fund belonging to all said parties in such several amounts as the agreement or agreements contemplated. Being a trust fund, it was exempt from garnishment for the individual debt of the trustee just the same as a partnership fund is exempt as to the individual debt of a member. 12 R. C. L. 786; King v. Porter (Tex. Civ. App.) 229 S. W. 646; Mayfield v. Knott (Tex. Civ. App.) 260 S. W. 1064.

■■ The fact that the money may have been owing to J. W. Franks is of no importance as affecting the question, if it was so owing to him in the capacity of a trustee. We are therefore of opinion that the undisputed evidence showed that the fund in question was not only not an indebtedness owing by the garnishee to J. W. Franks individually, but the money was a part of a trust fund, which particular part was owing exclusively to the parties to whom it was paid, and not to J. W. Franks, even though Franks had authority to collect the same in the capacity of trustee. Plaintiff in garnishment occupies the same position that J. W. Franks as an individual would occupy with reference to this fund. Braddock v. Gambill (Tex. Civ. App.) 291 S. W. 306. Suppose, in the absence of any garnishment, appellant had made payments of the fund as it did, and Franks had instituted suit for the amount, claiming it as an individual indebtedness due himself. Under the undisputed evidence in this case, could it be said that he had any right of recovery? We think not. And we also think that this is a fair test of appellant's liability to the plaintiff in garnishment.

It appears that the evidence was sufficiently developed, and the judgment of the trial court will therefore be reversed, and judgment here rendered for appellant.