## SPAIN v. FIRST STATE BANK OF STAMFORD et al.

### No. 868.

Court of Civil Appeals of Texas. Eastland.

May 15, 1931.

Rehearing Denied June 12, 1931.

A. A. Heathington and Wilson & Childers, all of Abilene, for appellant.

E. V. Hardwick, of Stamford, for appellees.

HICKMAN, C. J.

The appellant obtained a judgment against Central West Texas Insurance Association, hereinafter called the association, for the sum of $570, and costs of court, which judgment has become final. Thereafter he caused a writ of garnishment to issue and be served on First State Bank of Stamford for the purpose of subjecting funds on deposit in said bank in the name of the association to the payment of his judgment. The answer of the garnishee to the question of whether it was indebted to the association was as follows: "This garnishee would show and here states that the Central West Texas Insurance Association has five different accounts in this bank; that the names of said accounts and the amount on deposit in each account when said writ of garnishment was served are as follows: one account known as Class D had $14.49; one account known as Dues account had $146.47; one account known as Mortuary X fund had $33.87, and the fifth account known as X fund had $1.27. * * *"

The answer was not traversed. The association intervened and conducted its own defense. In its plea of intervention, it alleged that the funds as set out in the answer of the garnishee were not subject to garnishment to satisfy the judgment of appellant for the following reasons: "That this defendant is a local mutual aid benefit society, operating under the provisions of Chapter 274, Laws of the 41st Legislature passed at its regular session, and consists of several classes. That one provision of said law provides that the funds in one class of such association cannot be used to pay claims arising in another class, and said funds are required to be kept separate from each other; that the judgment forming the basis of this writ of garnishment was obtained in Class D of this association, on a claim of a member in said Class, and on a claim against said Class D only. That the funds and only funds on deposit for the benefit of said class was $14.49 and $1.27 in the expense fund of said class; that said association carried an account known as Mortuary account and in said account was carried the benefit funds of Classes A, B and Senior Class, the three classes of this association which at this time is operating under a merger of said classes, as provided by law, and by its constitution and by-laws; that this defendant also has an account known as Dues account, which defendants say are funds derived from semiannual dues of the members and which funds belong to the secretary and treasurer under the constitution and by-laws of this defendant association, and not part of which are liable for the payment of claims arising in said class D; that under the law and constitution and by-laws of this association only the funds deposited to Class D or belonging to said class, can be used for the payment of the judgment obtained by the plaintiff herein against this defendant; that the total amount of said funds belonging to

said Class D in said garnishee bank is $15.76, for which reasons judgment against the garnishee herein should be limited to said amount, all of which this defendant is ready to verify."

The case was tried below before the court without the assistance of a jury, and resulted in a judgment for appellant for the sum of $15.76, this amount being the sum of the following two accounts mentioned in the answer: $14.49 in account known as class D, and $1.27 in account known as X fund. From this judgment, Spain, the plaintiff below, has appealed.

██ By special exceptions to the answer of the association and objections to the introduction of evidence, appellant has properly preserved and here presents that, since the answer of the garnishee disclosed a total indebtedness to the association in excess of the amount of his judgment against it, judgment should have been rendered below against garnishee for $570, besides costs. The association is operating under the provisions of the Acts of 1929, 41st Legislature, chapter 274, being articles 4875a—1 to 4875a—31, Vernon's Annotated Civil Statutes, Texas. It was organized prior to the enactment of these statutes, but has availed itself of the provisions thereof in the manner provided by article 4875a—23. The evidence introduced upon the trial established that appellant's judgment was recovered on account of an accident which he sustained, and that claims based upon accidents were classified under the by-laws of the association as class D.

Article 4875a—11 provides: " * * * The funds of one group or class shall not be used to pay claims for any other classes." The same article requires that accounts of the mortuary assessments of the several classes shall be kept separately. To permit one having a claim for accident under class D to appropriate for its satisfaction money belonging to another class and collected for payment of other claims would be to nullify the statute. The officers of the association could not have voluntarily done this without a breach of trust. The fund in each class constituted a trust fund for the benefit of persons belonging to that class and who had, or might thereafter have, a claim against same.

The association was but a trustee of the various funds, under the duty imposed by statute to disburse same only in accordance with the statute. It is well settled that funds owing to one as trustee are not subject to garnishment to satisfy a claim against the trustee as an individual. Belva Oil Co. v. Lowe (Tex. Civ. App.) 27 S.W.(2d) 599.

██ The contention that the evidence offered for the purpose of showing appellant's claim to have been based upon accident should have been excluded as a collateral attack upon the original judgment cannot be sustained. The mere showing of the nature of a claim upon which a judgment was rendered by introducing the petition forming the basis of the judgment is not an attack upon the judgment. Article 4875a—24 provides that: "Any association organized under the provisions hereof or accepting the provisions hereof shall for the purposes of operation be and become a body corporate with authority to sue and be sued in its own name and to exercise the other powers and functions specifically herein granted, but not otherwise." Appellant could not have procured a judgment in his original suit against class D. All judgments for or against an association operating under these statutes should run in its name, and, if the fact that a judgment runs against the corporation generally should be held to preclude proof in a garnishment proceeding of the class to which the claim belonged, the provisions of article 4875a—11, above quoted, would be nullified. The position of the association, it seems to us, is analogous to that of a municipality. Suppose, for instance, one who had obtained a judgment against a city for damages for personal injury should, in a proper manner, seek to subject to the payment of his judgment money deposited by a city in a bank in a sinking fund to discharge outstanding bonds. It would hardly be contended that, under the rule forbidding a collateral attack upon a judgment, the city would be precluded from showing that the claim forming the basis of the judgment was not one to the payment of which the sinking fund could be subjected. We can perceive no reason why the supposed case and the instant case are not analogous.

Affirmed.