**George NEW, Appellant,**

**v.**

**The FIRST NATIONAL BANK OF MID-LAND, Midland, Texas, Appellee.**

**No. 6210.**

Court of Civil Appeals of Texas, El Paso.

Nov. 24, 1971.

Rehearing Denied Feb. 9, 1972.

**122**

Svanas & Svanas, Gloria Svanas, Odessa, for appellant.

Thornton Hardie, Jr., Midland, for appellee.

## OPINION

RAMSEY, Chief Justice.

George New, Plaintiff-Appellant, sued Glen Howard Petroleum of Texas, Inc., Defendant, on a debt and filed garnishment proceedings against The First National Bank of Midland, Midland, Texas, Garnishee-Appellee. Trial was before the Court. From a judgment for Garnishee, Plaintiff appeals. Defendant did not appeal. We affirm.

Appellant's original action was on his debt against Defendant. Appellant, at the same time, filed application for garnishment directed to Appellee. Appellee's answer acknowledged $3,828.58 in Defendant's account in the bank on April 28, 1970, and further stated that Defendant owed Appellee $12,573.62 on a note dated March

20, 1970. While these actions were pending in the State Court, Appellant obtained a judgment against the Defendant in Federal Court, which judgment included the amount sued for in the State Court.

In the trial Court, the parties entered into a stipulation appearing in the Statement of Facts reciting the matters in the foregoing paragraph. They further stipulated that in the event it was determined that the $12,-573.62 note held by Appellee was invalid, then judgment should be entered against Appellee and the Defendant's account in the bank would be delivered to Appellant but if the note was "determined to be a valid promissory note, that judgment herein be entered for the Garnishee (Appellee) in all things". The trial Court determined the note to be a valid promissory note and accordingly entered judgment for Appellee and denied any recovery for Appellant. No request was made for findings of fact or conclusions of law.

Appellant assigns five points of error complaining that the trial Court erred in holding the note valid without evidence of corporate authority for its execution; in excluding testimony that would controvert any corporate authority and in allowing offset to the Appellee and attorney's fees and therefore fundamental error in refusing judgment for the Appellant.

■ The record is clear and unequivocal. The parties, by their stipulation, narrowed the controversy for the trial Court's consideration to only one issue; that being, the validity of the note held by Appellee. Having done so, proper Appellate procedures require that the record be reviewed on the controverted matters presented for the trial Court's determination. Orderly judicial procedure requires that admissions and stipulations properly comprising the record be observed. Belva Oil Co. v. Lowe, Tex. Civ.App., 27 S.W.2d 599 (n.w.h.). Rule 263, Texas Rules of Civil Procedure. The reviewing Court is likewise bound by the stipulation of the parties. Trinity Universal Insurance Company v. Bellmead

State Bank of Waco, Tex.Civ.App., 396 S.W.2d 163 (Ref., n. r. e.).

■ The testimony heard by the Court consisted of the Vice-President and cashier of Appellee who testified regarding the note. He presented a corporate resolution of the Defendant corporation which resolution authorized borrowing from Appellee. The resolution was attested by the Assistant Secretary of the corporation. The resolution designated the officers who were authorized to borrow from the bank, and was dated some two and one-half months prior to the date of the note in question.

The Vice-President of the Defendant corporation who signed the note was subpoenaed by Appellant. He testified as to the resolution and as to his authority to execute the note. Appellant also subpoenaed the Assistant Secretary-Treasurer of the Defendant corporation who likewise verified the resolution and its delivery to the Appellee. All of the testimony and exhibits introduced supported the Court's judgment as to the validity of the promissory note in question. We therefore overrule assignments of error one and two.

■ Point of error number three complains that the trial Court excluded testimony that would controvert the corporate authority to execute the note. Appellant had subpoenaed other witnesses but did not call them to testify. There is nothing contained in the Statement of Facts to substantiate this point of error since no request was made by Appellant to call any additional witnesses either to testify at the trial or by bill of exception. The record is absolutely void of any refusal by the trial Court to hear such testimony. There is no basis in the record for the complained error and it is overruled.

■ Points four and five complain of the allowed setoff to the Appellee and the awarding of attorney's fees to Appellee's attorney. Many additional matters may be present in determining a garnishee's right of setoff. Holt's Sporting Goods Co. v. American National Bank, Tex.Civ. App., 400 S.W.2d 943 (dis.). Here, the parties stipulated in open Court that if it were determined that the note was valid, then judgment should be entered "for the Garnishee in all things". Under these points of error, Appellant complains of the sufficiency of the pleadings, lack of evidence relating to the maturity of the note, the solvency of the signers and the intention of the garnishee relating to setoff. These matters are clearly beyond the stipulation. The parties having agreed with the Court as to the issue to be determined, to permit other matters to be raised for the first time on appeal, is contrary to our rules of procedure.

■ Under Rule 67, T.R.C.P., when issues not raised by the pleadings are tried by express or implied consent of the parties, they will be treated as having been raised by the pleadings. Sorenson v. Dawdy, Tex. Civ.App., 196 S.W.2d 687 (n. w. h.). In the absence of findings of fact and conclusions of law, and none requested, the reviewing Court must presume that the trial Court found facts in a manner to support its judgment. Rule 299, T.R.C.P., The Prudential Insurance Company of America v. Lucas, Tex.Civ.App., 456 S.W.2d 429 (Ref. n. r. e.).

For the foregoing reasons, the judgment of the trial Court is affirmed.

## ON MOTION FOR REHEARING

The stipulation of the parties was made in open Court and included in the Statement of Facts which is approved by Appellant's attorney. Thus, it complies with Rule 11, T.R.C.P.

The effect of the wording appears clear. If the promissory note held by Appellee is invalid, then the funds on deposit would be delivered to Appellant. If not, then judgment would be entered for Appellee "in all things." Appellant's judgment against the Defendant corporation and other defend-

124

ants was stipulated. The only apparent controversy was over the balance of money on deposit in the corporate account in the Appellee bank. We are at a loss to understand why the Appellant would so stipulate, yet, this Court being called upon to review the record made in the lower Court can only rule on the points of error presented to determine the correctness of the lower Court procedure. Thus, according to the stipulation, if the note was a valid promissory note, then Appellant would not recover.

Thereupon, the Appellee undertook to prove the note and to exhibit its validity from its standpoint. Appellant undertook to show that insofar as the Defendant corporation was concerned that the note resulted from internal mismanagement and wrongdoing on the part of the corporate officers. This would, of course, have no bearing on the bank's right of offset or counterclaim or any other claim to the deposit unless it were shown that the bank was a participant in the alleged wrongdoing. At the same time, Appellant concedes that the Appellee's claim against the corporation was valid. Thus, the alleged internal mismanagement within the corporation is not relevant or material insofar as any controversy that exists between Appellant and Appellee. All evidence introduced supports the validity of the note. The effect of this opinion, however, must be limited to the situation existing here arising out of the stipulation of counsel.

In reviewing the stipulation, the record indicates that counsel were in agreement as well as the Court, since the Court remarked that the single issue under the stipulation involved only the validity of the note. Appellant's counsel stated:

"If the Court please, we have stipulated as to the judgment, and I think that the only question is as to the note."

The Courts favor stipulations to expedite litigation, and as a general rule valid stipulations are binding on the parties and the Courts. Early v. Burns, Tex.Civ.App., 142 S.W.2d 260 (writ ref.); Westridge Villa Apartments, et al. v. Lakewood Bank and Trust Company, Tex.Civ.App., 438 S.W.2d 891 (Ref. n. r. e.).

Stipulations may be modified or withdrawn at the discretion of the trial Court. 53 Tex.Jur.2d, Secs. 26 and 27, pages 348–350; McDonald, Texas Civil Practice, Vol. 3, Sec. 10.12.3. The Appellant did not see fit to request any action or relief from the trial Court subsequent to the hearing or entry of the judgment.

We overrule Appellant's Motion for Rehearing.