**Annie GARRISON, et vir, Appellants,**

v.

**GULF BOWL, INC., et al., Appellees.**

**No. 1432.**

Court of Civil Appeals of Texas,
Corpus Christi.

May 24, 1979.

Rehearing Denied June 13, 1979.

Mrs. Annie Garrison, pro se.

F. Van Huseman, Maddin, White & Brin, Inc., Corpus Christi, for appellees.

## OPINION

NYE, Chief Justice.

Annie Garrison, joined by her husband, Bob L. Garrison, sued Gulf Bowl, Inc., Gulf Bowl, Philip M. Wallock and William Wallock for personal injuries Mrs. Garrison claimed to have sustained in September of 1972 when she tripped and fell at the premises of Gulf Bowl, Inc. The defendants answered with a general denial and a plea of contributory negligence. The case was tried before a jury. At the conclusion of the trial the court granted an instructed verdict as to defendants Gulf Bowl and William Wallock for the reason that Gulf Bowl was not an entity in any way connected with matters made the basis of the suit, and William Wallock was a shareholder of Gulf Bowl, Inc. The case as to the remaining defendants, Gulf Bowl, Inc. and Philip Wallock, manager of Gulf Bowl, Inc., was submitted to the jury on special issues. The jury found that Gulf Bowl, Inc. and Philip Wallock were not negligent and that Annie Garrison failed to keep a proper lookout. Judgment was rendered that plaintiffs take nothing. The plaintiffs appeal.

The plaintiffs appeared pro se in the trial court and here on appeal. The plaintiffs decided not to file a statement of facts although almost all of their thirty points of error are based on evidentiary grounds or

matters affecting the course of the trial that would be shown in the record. The Supreme Court in *The Englander Co., Inc. v. Kennedy,* 428 S.W.2d 806 (Tex.Sup.1968), stated:

"The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts."

■ The plaintiffs filed three motions for extensions of time to file the statement of facts. After the statement of facts had been completed, they chose not to file the same. This court has held on numerous occasions that where there is an absence of a statement of facts, it must be assumed that the record on appeal would support the judgment of the trial court. This presumption prevails in favor of the trial court's judgment, and this Court cannot disturb it in the absence of fundamental error. *Franke v. Franke,* 373 S.W.2d 891 (Tex.Civ. App.—Corpus Christi 1963, no writ). See also *Holliday v. Holliday,* 453 S.W.2d 512 (Tex.Civ.App.—Corpus Christi 1970, no writ); *White v. Corpus Christi Little Miss. Kick Ass'n,* 526 S.W.2d 766 (Tex.Civ.App.— Corpus Christi 1975, no writ). We have reviewed all of the record that is before us, and do not find that there has been presented any questions of law that would be of importance to the public in general as distinguished from the parties to this appeal.

During oral argument, Mrs. Garrison, acting for herself and her husband, contended that she could not obtain a correct statement of facts. This Court has considered this problem in detail when granting the three extensions of time in order to obtain the statement of facts. In an order to the plaintiffs, we suggested to the trial judge that a hearing in accordance with Rule 377(d), T.R.C.P., might be necessary to assist the plaintiffs in obtaining an authenticated statement of facts. Two such hearings were conducted by the trial judge. The plaintiffs have filed a motion to include the transcribed record of the first hearing as a part of the record before us. We now grant this motion.

■ Five of appellants' thirty points of error concern her inability to obtain a corrected statement of facts. We have reviewed the entire transcribed record of the Rule 377(d) hearing by the trial judge, and find that the trial court had gone out of its way to help and assist the plaintiffs in obtaining a statement of facts. The trial court committed no error and in fact is to be commended for its patience and understanding in dealing with a party unfamiliar with the rules of appellate procedure law. The plaintiffs' problem rests primarily in their own misunderstanding of the appellate process.

The Supreme Court of the United States has said:

"The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with the relevant rules of procedural and substantive law." *Faretta v. California,* 422 U.S. 806, 835 n. 46, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975).

The Supreme Court of Texas after quoting from the above citation, stated it more succinctly.

"There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel." (Citing authority). *Mansfield State Bank v. Cohn,* 573 S.W.2d 181 (Tex.Sup.1978).

■ The next complaint by which the plaintiffs base reversible error in five points of error was their inability to place into evidence certain depositions of their doctors and other parties. The record shows that the trial court granted the defendants' motion in limine which went to: "Any hearsay statements by physicians made to plaintiff,

plaintiff's family or other physicians concerning plaintiff's physical condition." The plaintiff appellants filed a motion in this Court requesting that the depositions transmitted to this Court be made a part of the record on appeal. We conditionally granted the motion ordering the original depositions to be marked by our Clerk as "received" stating: "Such depositions may be treated by this Court as being an informal bill of exception to be considered with the statement of facts (when and if the statement of facts is actually authenticated and filed herein)." Where a motion in limine is granted, a judgment will not be reversed unless certain questions or evidence were offered and procedural steps taken and, where necessary, a bill of exception made. See *Hartford Accident and Indemnity Company v. McCardell*, 369 S.W.2d 331 (Tex. Sup.1963). Since the plaintiffs have failed to file their statement of facts, we have nothing to receive.

Having considered all of the record that is before us, we find no reversible or fundamental error. Appellants' points of error have been considered and are all overruled. The judgment of the trial court is AFFIRMED.