UNITED STATES FIRE INSURANCE COMPANY, Appellant,

v.

Michelle Renee KELLY, by Next Friend Louise THOMAS, Appellee.

No. 05–85–00770–CV.

Court of Appeals of Texas, Dallas.

Dec. 19, 1985.

Rehearing Denied Jan. 20, 1986.

Newton J. Jones, Robert D. Allen, Vial, Hamilton, Koch & Knox, Dallas, for appellant.

John D. Crawford, Dallas, for appellee.

Before STEPHENS, ALLEN and GUILLOT, JJ.

GUILLOT, Justice.

Appellant, United States Fire Insurance Company ("USFI"), appeals from a June 3, 1985 judgment awarding appellee, Michelle Renee Kelly, periodic worker's compensation benefits for the death of her father and awarding periodic payments of attor-

ney's fees to Kelly's attorney. Finding no error, we affirm the judgment of the trial court.

On October 8, 1984, the parties entered into a proposed settlement agreement which was stipulated in open court. The trial court rendered judgment on November 29, 1984. This judgment did not, however, properly reflect the agreement of the parties regarding payment of attorney's fees, as originally stipulated on October 8, 1984. On motion by USFI, the court then granted a new trial on January 24, 1985. This new trial was had on June 3, 1985 and judgment was entered reflecting the October 8, 1984 agreement.

USFI contends in its sole ground of error that the trial court erred in rendering judgment for Kelly based upon the October 8, 1984 stipulations. Having no statement of facts before us, we must, however, presume the validity of the June 3, 1985 judgment. We overrule this point of error.

USFI requested and received a new trial which nullified the prior judgment of November 29, 1984. On June 3, 1985 the court entered a judgment which recites that the parties came to be heard through their attorneys and entered stipulations in open court. It further recites that the court agreed to the stipulations and ordered them entered of record. They are attached to the judgment as a "statement of facts."

USFI attacks the validity of the June 3, 1985 judgment, contending that the acts of Kelly subsequent to agreeing to the stipulations constituted a recission of the stipulations. There is no statement of facts to support this contention. In the absence of a statement of facts, it must be presumed that the record on appeal supports the judgment of the trial court. *Garrison v. Gulf Bowl, Inc.*, 582 S.W.2d 603, 604 (Tex. Civ.App.—Corpus Christi 1979, no writ); and *Hodges v. Central Bank & Trust Company*, 463 S.W.2d 41, 42 (Tex.Civ.App. —Texarkana 1971, no writ).

Furthermore, USFI failed to request findings of fact and conclusions of law pursuant to Rule 296 of the Texas Rules of Civil Procedure. Where a case is tried on stipulations and the appellant has failed to request findings of fact and conclusions of law, the reviewing court must presume that the trial court found the facts in a manner to support its judgment. *New v. First National Bank of Midland,* 476 S.W.2d 121, 123 (Tex.Civ.App.—El Paso 1971, writ ref'd n.r.e.).

In her cross-point, Kelly seeks an assessment of damages against USFI for bringing a frivolous appeal. Finding no merit, we overrule this cross-point.

Affirm.