Howe, *Plaintiff in Error*, v. Wilson, *Executor.*

1. **Charities.** The courts of this state have jurisdiction over the subject of charities, charitable devises and bequests.

2. ———: 43 ELIZABETH, CHAPTER 4. The jurisdiction is not dependent upon the statute of 43 Elizabeth, chapter 4, for it is now conceded that courts of chancery had an inherent jurisdiction over charities before the enactment of that statute.

3. **Will:** CHARITIES: BEQUEST, WHEN NOT TOO UNCERTAIN. A bequest in a will is not void for uncertainty, which, after bequeathing the property to a trustee, with directions to the latter to apply it to certain enumerated purposes, provides that, "if there should be a remainder, after such sums are provided for, after the death of my said wife, I direct said Wilson [the trustee] to divide said remainder among such charitable institutions in the city of St. Louis as he shall deem worthy."

4. ———: ———: ———. Where the general objects of the bequest are pointed out, or if the testator has fixed the means of doing so, by the appointment of trustees with that power invested in them,

Howe v. Wilson.

then the gift must be treated as sufficiently definite for judicial cognizance, and will be carried into effect.

*Appeal from St. Louis City Circuit Court.*—Hon. G. W. Lubke, Judge.

Affirmed.

*Mills & Flitcraft* for plaintiff in error.

(1) The two counts were properly united in the petition. R. S., sec. 3512; *Henderson v. Dickey*, 50 Mo. 161; *Jones v. Hickman*, 42 Mo. 413. (2) The trust, attempted to be created by the will, being so vague and uncertain that the *cestui que trust* cannot be defined and accurately determined, the bequest must fail and the property revert to the next of kin. *Schmucker v. Reel*, 61 Mo. 599; *Heiss v. Murphy*, 40 Wis. 276; *Church v. White's Adm'r*, 4 Am. Law Reg. (o. s.) 526; *Beekman v. Bonsor*, 23 N. Y. 310; *Bascom v. Albertson*, 34 N. Y. 584; *Morice v. Bishop of Durham*, 9 Ves. 399; s. c., 10 Ves. 521; *Watson's Society v. Johnston*, 58 Md. 139; *Att'y Gen. v. Soule*, 28 Mich. 153; *Bridges v. Pleasants*, 4 Ired. (N. C.) Eq. 26; *Prichard v. Thompson*, 95 N. Y. 76; *Ommaney v. Butcher*, 1 Turn. & Russ. 260; *Ellis v. Selby*, 1 Mylne & Craig, 286; *Trustees of Baptist Ass'n v. Hart's Ex'r*, 4 Wheat. 1, 45; *Fowler v. Garleke*, 1 Russ. & My. 232; *James v. Allen*, 3 Meriv. 17; *Fontain v. Ravenal*, 17 How. 369; 2 Story's Eq. Jur., sec. 1169, *et seq.*; 4 Kent, 508. (3) Where the bequest is of such a character that the trustee might apply the fund for a private charity, as well as one of a public character, without violating the directions of the will, the gift cannot be enforced as a charity, but will be void. *Att'y Gen. v. Soule*, 28 Mich. 153; *Ommaney v. Butcher*, 1 Turn. & Russ. 260; *Trustees v. Hart's Ex'r*, 4 Wheaton, 1–45; *Morice v. Bishop*, 9 Vesey,

399; *James v. Allen,* 3 Meriv. 17; *Schmucker v. Reel,* 61 Mo. 599.

*E. C. Elliott* for defendant in error.

(1) A bill in equity for the interpretation of a will, or other instrument, will not lie at the instance of a stranger to the administration of the estate. *Chapman v. Montgomery,* 63 N. Y. 221; *Bailey v. Briggs,* 56 N. Y. 407; Pomeroy's Eq. Jur., sec. 352. (2) The doctrines of equity, as to charitable uses, constitute part of the law of Missouri. *Chambers v. City of St. Louis,* 29 Mo. 584; *Vidal v. Girard's Ex'r,* 2 How. 196; *Academy of Visitation v. Clemens,* 50 Mo. 167; *Goode v. McPherson,* 51 Mo. 126; *Schmidt v. Hess,* 60 Mo. 591; *Church v. Robberson,* 71 Mo. 326; *Russell v. Allen,* 107 U. S. 163. (3) Uncertainty or vagueness in the special objects to be benefited, does not avoid a charitable trust. Perry on Trusts, sec. 732; *Saltonstall v. Sanders,* 11 Allen, 156; *Newson v. Stark,* 46 Ga. 88; *Inglis v. Sailors' Snug Harbor,* 3 Pet. 99; *Perin v. Carey,* 24 How. 465; *Quinn v. Shields,* 62 Iowa, 129. (4) Discretion in the trustees, as to selection of the objects, does not avoid a charitable trust. *Maught v. Getzendanner,* 23 Cent. Law Jour. 280; *Power v. Cassidy,* 74 N. Y. 602; *Miller v. Teachout,* 24 Ohio St. 525; *Bristol v. Bristol,* 53 Vt. 243; *Mills v. Newberry,* 113 Ill. 123; *White v. Ditson,* 140 Mass. 354; *Pell v. Mercer,* 14 R. I. 535; *Simpson v. Welcome,* 72 Me. 496. (5) The trust for charitable uses, provided for in the will of James W. Handfield, could be enforced by the state at the instance of the attorney general. *Dodge v. Williams,* 46 Wis. 98; *In re Orphan Asylum,* 36 Wis. 534; *Att'y Gen. v. Soule,* 28 Mich. 153; Perry on Trusts, sec. 732. (6) A charity, in the legal sense, may be defined as a gift to be applied consistently with existing laws for the benefit of an indefinite number of persons, either by bringing their

minds or hearts under the influence of education or re-
ligion, by relieving their bodies from disease, suffering,
or constraint, by assisting them to establish themselves
in life, or by erecting or maintaining public buildings
or works, or otherwise lessening the burdens of govern-
ment. *Jackson v. Phillips*, 14 Allen, 540.

BLACK, J.—The petition in this case contains two
counts. The first is an action at law to contest the val-
idity of the will of James W. Handfield. On this count
there was a trial, which resulted in a judgment sustain-
ing the will. The second count is in the nature of a bill
in equity, to have a clause of the will declared void for
uncertainty. A demurrer to this count was sustained,
and, to reverse the judgment sustaining the demurrer
and dismissing the petition, the plaintiff sued out this
writ of error.

From the petition it appears that the plaintiff is the
only heir of Elizabeth Handfield, who died in 1882 ; she
was the widow and only heir of James W. Handfield,
who died in 1881. The will was duly probated at the
death of Mr. Handfield. It is set out in full, and, in sub-
stance, is as follows : The testator enumerates the prop-
erty of which he is possessed, which is wholly personal
property, all of which is bequeathed to Alexander Wil-
son in trust, for the sole use of Elizabeth Handfield,
wife of the testator. Directions are then given the trus-
tee as to the management of the property, with power in
him to apply the interest and income, and to use from
the principal, if needed, for her support, and, at her
death, to provide a suitable burial. The trustee is re-
quired to buy a cemetery lot for the burial of the testa-
tor and his wife, and to reserve sufficient funds to keep
the graves in good condition. There is then the follow-
ing provision : "If there should be a remainder, after
such sums are provided for after the death of my said
wife, I direct said Wilson to divide said remainder

among such charitable institutions of the city of St. Louis, Missouri, as he shall deem worthy." Wilson is made executor of the will, qualified as such, and the estate is alleged to consist of property valued at five or six thousand dollars.

The law is well settled that the courts of this state have jurisdiction over the subject of charities, charitable devises and bequests. *Chambers v. City of St. Louis,* 29 Mo. 543; *Academy of Visitation v. Clemens,* 50 Mo. 167; *Schmidt v. Hess,* 60 Mo. 591; *Baptist Church v. Robberson,* 71 Mo. 326; *Russell v. Allen,* 107 U. S. 163. The jurisdiction is not dependent upon the statute of 43 Elizabeth, chapter 4; for it is now conceded that courts of chancery had an inherent jurisdiction over charities before the enactment of that statute. That the statute, in so far as it declares what were existing charities, has had an influence, in many of the states, this state not excepted, must be conceded, though the details are wholly inapplicable here. We have no statute which undertakes to exercise the prerogative power of the king over those charities which did not come within the ordinary jurisdiction of the courts, and hence, with us, some charities will fail, which would not fail in England.

Coming, then, to the question in dispute in this case, two things are to be kept in view which render it unnecessary to examine a number of cases cited by the plaintiff. In the first place, the bequest is for charitable institutions. The testator must be taken to have used the word, "charitable," in its legal signification. No question, then, can arise, as to the character of the bequest. The trustee has no power to dispose of the fund for any purpose other than that strictly charitable. In the next place, there is a living trustee, in whom the testator vested the power to divide the fund among such institutions as he should deem worthy. Though the institutions are not designated, yet the means of designating them is

provided, and there is no claim that the trustee refuses to act. The case concedes that he will discharge the duty imposed upon him. The question, then, is, with the bequest purely charitable and a trustee with power to execute it, is it void for uncertainty? Mr. Perry says: "There is a wide distinction between a gift to *charity*, and a gift to a *trustee*, to be by *him* applied to *charity*. In the first case, the court has only to give the fund to charitable institutions, which is a ministerial or prerogative act; in the second case, the court has jurisdiction over the *trustee*, as it has over all trustees, to see that he does not commit a breach of his trust, or apply the funds in bad faith, or to purposes that are not charitable. * * * The courts in America have generally declined, in the absence of legislative authority, to administer these indefinite gifts to charity, or religion, or education, or public utility, unless there was a trustee appointed by the testator to exercise his discretion in applying the gift to particular objects or persons." 2 Perry on Trusts, sec. 719.

In *Chambers v. City of St. Louis, supra*, the devise was "in trust to be and constitute a fund to furnish relief to all poor emigrants and travelers coming to St. Louis on their way, *bona fide*, to settle in the west." That devise was held valid and sufficiently definite and certain, after an elaborate and thorough investigation of the subject. There, it is true, a class of persons was selected to receive aid from the fund; here charitable institutions, within a limited and defined locality, are selected. We do not see that the difference affects the application of any principle upon which that case was decided. The more recent case of *Schmucker's Estate v. Reel*, 61 Mo. 592, does not in the least conflict with *Chambers v. City of St. Louis, supra*, or with anything before stated in this opinion. In that case it clearly appeared that the executor took the bequest, clothed with a trust for specific and definite purposes, known to the executor,

but not defined or stated in the will. As to the purposes not stated, it was as if no will had been made. The principal question in the case has no relevancy here, whatever.

In *Saltonstall v. Sanders*, 11 Allen, 446, the testator gave the residue of his estate to his executors, as trustees, to hold and invest the same, and the income, in such manner as might to them seem expedient, and, among other things, "in aid of objects and purposes of benevolence or charity, public or private." The conclusion was reached, both upon principle and authority, that a bequest for "objects and purposes of charity, public or private," was a valid charitable gift. It is to be observed the word, "benevolence," was used in connection with the word, "charity." This gave rise to a further discussion, about which we are not called upon to express any opinion in this case. In this case we have endeavored to show, at the outset, that the bequest is to charity only.

In *Miller v. Teachout*, 24 Ohio St. 525, the will contained the following clause : "I direct that my said executor shall appropriate and use all the residue of my estate for the advancement and benefit of the Christian religion, to be applied in such manner as, in his judgment, will best promote the object named." It is there suggested that if the object of the trust had not been aided by further provisions, the validity of the bequest might well be questioned. The gift was held to be valid, however, because the testator had invested the executor with power to specify the particular use of the fund, and all objections, because of uncertainty, were thereby removed.

It is essential to a charitable bequest that the objects to be benefited should be, to some extent, indefinite ; or, as said in *Fountaine v. Ravenel*, 17 How. (U. S.) 384, "It is no charity to give to a friend. In the books it is said that the thing becomes a charity when the uncer-

tainty of the recipient begins." The foregoing examples will serve to show that if the general objects of the bequest are pointed out, or if the testator has fixed a means of doing so by the appointment of trustees with that power invested in them, then the gift must be treated as sufficiently definite for judicial cognizance, and will be carried into effect. Perhaps the rule may be stated more favorably to the validity of the trust. Perry on Trusts, secs. 720, 732.

But we have no occasion to go any further in this case. Here the testator has provided a means for making that certain which otherwise might appear to be uncertain. We see no difficulty in upholding the gift in this case. It comes fairly within that class of charities where the courts can and will direct the trustee to carry out the will of the testator.

The judgment is, therefore, affirmed. Brace, J., absent, the other judges concur.