Powell v. Hatch.

POWELL, *Executor, Appellant*, v. HATCH.

**Will:** BEQUEST FOR CHARITABLE PURPOSES, WHEN NOT VOID FOR UNCERTAINTY. A will, after providing for the payment of a number of specific legacies out of the estate of the testatrix and for the appointment of a trustee, gave "the rest, if there be any, to such charitable purposes as my said trustee shall deem best;" *held* that said residuary clause was not void for uncertainty. (*Following and affirming Howe v. Wilson*, 91 Mo. 45.)

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

THE facts necessary to an understanding of this case can, perhaps, be most satisfactorily exhibited by

Powell v. Hatch.

setting out in full the petition and answer as the case is substantially an agreed one, as will be seen.

### PETITION.

"Plaintiff says he is the executor of the last will and testament of Lydia A. Gillett, deceased, and also legatee and trustee under said will. That he has duly qualified as such executor; that the will was duly probated in Jackson county, Missouri, the domicile of said testatrix. That said will is in words and figures as follows:

" 'I, Lydia A. Gillett, of Kansas City, Missouri, being of sound mind, do make, publish and declare this to be my last will and testament, in manner following:

" '*First*. After the payment of my funeral expenses, I give and bequeath unto Hiram F. Hatch, of Cleveland, Ohio, the sum of five hundred ($500) dollars.

" '*Second*. I give and bequeath unto George H. Canfield, of St. Lawrence county, Montana territory, the sum of two hundred ($200) dollars.

" '*Third*. My executor or administrator shall erect over my grave a monument of the value of one hundred ($100) dollars.

" '*Fourth*. I give and bequeath unto Mary Wooster, of Kansas City, the sum of two hundred ($200) dollars.

" '*Fifth*. I give and devise unto Cuthbert Powell the sum of five hundred ($500) dollars, and I also give, devise and bequeath unto the said Powell, in trust, however, the remainder of my estate; first, to expend the sum of two thousand ($2,000) dollars in the erection of a church for the Emanuel Baptist church of Kansas City; second, to pay the sum of one hundred ($100) dollars to Charles Manhartz and the sum of one hundred ($100) dollars to H. A. Hawkins; and the rest, if there be any, to such charitable purposes as my said trustee may

VOL. 100—38

deem best.   I hereby nominate and appoint Cuthbert Powell the executor of this my last will and testament.'

"The said estate consisted of personal property which has been sold for five hundred ($500) dollars, and a note which is in dispute; and also the following land in Jackson county, Missouri, to-wit: (here follows description).

"That said real estate is incumbered by a deed of trust for three thousand ($3,000) dollars to secure a note of the testatrix, said note bearing interest at the rate of nine (9) per cent. per annum.   That the legacies aforesaid amount to thirty-seven hundred ($3,700) dollars; that it was supposed at the time the will was executed that the debts, the expenses connected with the administration and the legacies specified would consume nearly the whole of said estate.   But plaintiff says on account of the rise of value of the real estate belonging to said estate, there will be a surplus of from three thousand ($3,000) to five thousand ($5,000) dollars.

"Plaintiff says that said testatrix died March 6, 1886, without revoking said will, leaving as her only heirs, Hiram F. Hatch, a citizen and resident of the state of Ohio.

"Plaintiff says he has added as parties the unknown heirs of said Lydia A Gillett, out of abundance of caution, although he believes there are none.   That he has obtained an order of the probate court of said county for sale of sufficient of said real estate to satisfy all the debts of the estate, to pay the said legacies as well as all costs connected with the administration.

"Plaintiff says further that in pursuance of the trust in him by said will reposed he has selected and designated 'The Woman's Refuge and Maternity Hospital' and the 'Home for the Friendless Boys' as the objects of charity which he deems best to receive the remainder of said estate, each to take one-half.   Plaintiff says he brings this action for a construction of that portion of

the will by which the remainder of the estate (after paying the legacies therein specified) is to be paid to such charitable purposes as he should deem best, and for the further direction to pay the said remainder to the Woman's Refuge and Maternity Hospital and the Home for Friendless Boys, the charitable purposes so selected by him; and, therefore, plaintiff prays that said will and the trusts thereof may be performed and carried into execution by and under the direction of the court. That the remainder of the estate so devised to him and left to his direction as aforesaid in so far as the object is concerned may be ordered paid to said charitable objects above named. And to that end that he be directed to sell the remainder of the real estate in accordance with the order of the probate court of said county.

"The plaintiff prays such orders, judgments and decrees in the premises as may be just and proper."

### ANSWER.

"The defendant for answer to plaintiff's petition herein admits that the said Lydia A. Gillett died testate about March 6, 1886; that said Cuthbert Powell is the executor of the will of the said Lydia A. Gillett. The defendant admits that the terms and conditions of said will are as stated in plaintiff's petition. The defendant says that this defendant is the only heir-at-law of the said Lydia A. Gillett, deceased, and as such is entitled, under the law, to so much of the estate of the said Lydia A. Gillett as has not been devised and disposed of by her in the said will. Defendant says that the last clause in the will of the said Lydia A. Gillett, whereby she attempts to devise and bequeath all the remainder of her estate, after payment of debts, funeral expenses and specific devises, to such charitable purposes as the said Cuthbert Powell may deem best, is void and of no effect, whatever, and leaves all the remainder of said

estate, after payment of said specific devises and debts, to descend to the heir of the said Lydia A. Gillett, according to the statutes in such cases, made and provided; and defendant says that this defendant, as the only heir of the said Lydia A. Gillett, is entitled to the whole of said estate which shall remain after payment of said debts and specific devises.

"Wherefore, defendant prays that the said Cuthbert Powell, executor of the will of the said Lydia A. Gillett, may be ordered and directed by this court to pay over and deliver to this defendant all the moneys, properties and estate of every kind and character, whatever, belonging to the said estate of the said Lydia A. Gillett, after the payment of said debts and specific devises, and for such other relief as he may be entitled to."

After the due submission of the cause the circuit court entered a decree wherein it found adversely to the trust investment proposed by the plaintiff for the benefit of "The Woman's Refuge and Maternity Hospital" and the "Home for Friendless Boys." From that decree the plaintiff appealed.

*C. O. Tichenor* for appellant.

(1) The decree was contrary to law. 1 Story's Eq. Jurisp. [13 Ed.] sec. 57; Perry on Trusts, secs. 748 and 717; *Historical Society v. Academy*, 94 Mo. 467. (2) This court should not hold the devise to the plaintiff void because the testatrix did not fix some metes and bounds. Perry on Trusts, sec. 710; *Attorney General v. Wallace*, 7 B. Monroe, 617; *Simpson v. Welcome*, 72 Me. 499; *Attorney General v. Jolly*, 2 Strobh. Eq. 380; *Goodale v. Mooney*, 60 N. H. 535; *Beal v. Executors*, 4 Ga. 404; *Quinn v. Shields*, 62 Ia. 141; *Erskine v. Whitehead*, 84 Ind. 357; *Claypool v. Norcross*, 42 N. J. Eq. 545; *Decamp v. Dobbins*, 29 N. J. Eq. 36; *Hunt v. Fowler*, 121 Ill. 269; *The Dom. v. Foreign Mis. Soc.*, 30 Pa. 433; *Miller v. Teachout*, 24

Ohio St. 525; *Piel v. Mercer*, 14 R. I. 442; *Gilmer v. Stone*, 120 U. S. 586; *Whicken v. Hume*, 7 H. L. 124.

*John W. Snyder* also for appellant.

This case falls within and is governed by the doctrine of *Howe v. Wilson*, 91 Mo. 45.

*Peak, Yeager & Ball* for respondent.

(1) The majority of the authorities cited by the appellant's counsel are adverse to his position and really support respondent's claim. (2) The objection to the residuary clause of the will is not merely that there is no territorial limit fixed within which the fund is to be expended, but also that there is no definite charitable object named for the promotion of which the fund is to be used and no class named as the beneficiary of the fund. That this clause is void for uncertainty, we think is fully established by the following authorities: *Ellis v. Selby*, 1 Mylne & C. R. Ch. Rep. 286; *Vesey v. Jamson*, 1 Simon & Stut. 69; *Fowler v. Garlike*, 1 Rus. & Myl. 232; *Grimes v. Harman*, 35 Ind. 198; *White v. Fisk*, 22 Con. 30; *Heiss, Ex'rs, v. Murphy*, 40 Wis. 276; *Fontain v. Ravanelle*, 17 How. 369; *Beal v. Drain*, 25 Ga. 430; *Hughes v. Daily*, 49 Conn. 34; *LaPage v. McNammana*, 5 Iowa, 123; *Bridges v. Pleasant*, 4 Ired. Eq. 19; *White v. Atty. Gen.*, 4 Ired. Eq. 19; *Bristol v. Bristol*, 50 Conn. 254; *Fairfield v. Lawson*, 50 Conn. 501; *Pichard v. Thompson*, 95 N. Y. 78; *Bascom v. Albertson*, 34 N. Y. 587; *Phillips v. Pond*, 23 N. Y. 69; *Atty. Gen. v. Soule*, 28 Mich. 153; *Beekman v. Bonson*, 27 Barb. 260; *Dashiel v. Atty. Gen.*, 5 Harris & Johnson, 393; *Dashiel v. Atty. Gen.*, 6 Harris & Johnson, 1; *Wilderman v. Betterman*, 8 Md. 551; *Isaacs v. Emory*, 64 Md. 333; *Needles v. Martin*, 33 Md. 609; *Green v. Allin*, 5 Humphrey, 169; *Association v. Hart*, 4 Wheat. 1; *Wheeler v. Smith*, 9

How. 55; *Schmucker v. Reed*, 61 Mo. 592.   (3) It was not the purpose or intention of the testatrix to dispose of what now appears to be two-thirds of her entire estate under the general residuary clause.   Redfield on Wills [5 Ed.] p. 432; *Reinders v. Koppleman*, 94 Mo. 338; *Hall v. Stephens*, 65 Mo. 677.   A residuary clause will not carry after-acquired property.   *Smith v. Hutchison*, 61 Mo. 83; *Farrish v. Cook*, 78 Mo. 212; *Hawse v. Foot*, 64 Tex. 22; *Williams v. Johnson*, 112 Ill. 61; *Church v. Mfg. Co.*, 79 N. Y. 327; *Dunlap v. Dunlap*, 74 Me. 402; *Blaisdell v. Hight*, 69 Me. 306.

BARCLAY, J.—The effect of the decree of the trial court was to pronounce null and void that part of the fifth paragraph of the will of Lydia A. Gillett which contained this language, viz. :   " And the rest, if there be any, to such charitable purposes as my said trustee may deem best."   This ruling practically declared an intestacy as to the undisposed of estate after payment of the specific legacies, and the costs of administration. The correctness of this ruling is the only point to be determined on this appeal.

The principles governing the execution of powers of appointment to charitable trusts have been so recently the subject of thorough consideration here that we do not feel ourselves called upon to enter on a further discussion of them now.   The same rules of law that controlled the case of *Howe v. Wilson*, 91 Mo. 45, govern the one at bar.   The only difference of any consequence between the facts presented in the two cases is that in the earlier one the discretion was to be exercised among the "charitable institutions of St. Louis" while in the present no limitation with respect to locality appears. We do not regard this difference in the facts as affecting, in any wise, the application of the principles established in the former case.

The decision referred to probably escaped the notice of the eminent circuit judge and of the learned counsel

in this cause at the time the result was reached in the trial court, or, we doubt not, the occasion for this appeal would not have arisen. That the questions involved would afford a broad field of debate if treated as still open may be conceded, but we are satisfied with the rulings made in our former decision and adhere to them.

It follows that the judgment should be reversed and the cause remanded. It is so ordered with the assent of all the members of the court, save BRACE, J., absent.