Katherine Cromwell YEAGER, a/k/a Katherine Jane Babini, Plaintiff-Respondent,

v.

Marie K. JOHNS, Executrix of the Estate of Sadie Donahoe, Deceased, et al., Defendants-Appellants,

Mary Katherine Elders and Nancy L. Love, Executrix of the Estate of Mary Donahoe Love, Deceased, Defendants-Respondents.

No. 56169.

Supreme Court of Missouri, Division No. 1.

Sept. 11, 1972.

Eugene E. Northern, John Z. Williams, Northern, Williams & Smallwood, Rolla, for respondent, Katherine Cromwell Yeager.

John C. Danforth, Atty. Gen., B. J. Jones, Asst. Atty. Gen., Jefferson City, for appellant Attorney General.

William Duke Hiett, Houston, Cullen Coil, Jefferson City, for Respondent, Nancy L. Love; Carson, Inglish, Monaco & Coil, Jefferson City, of counsel.

Bernard J. Huger, William O. Cramer and Bernard C. Huger, St. Louis, for Reverend H. J. Lambert.

Weldon W. Moore, Rolla, for Marie K. Johns, executrix.

HIGGINS, Commissioner.

Appeal from declaratory judgment that the residuary clause of a will purporting to create a charitable trust was invalid and void, and order of distribution of residuary estate in excess of $50,000 to heirs at law of the testatrix.

The pertinent facts are undisputed.

Sadie Donahoe, a/k/a Sarah Blanche Donahoe, died testate August 17, 1968, and her residuary estate after payment of debts and legacies is in excess of $50,000.

Article X of her will provided:

"I give, devise and bequeath the rest, residue and remainder of my estate of whatsoever kind and character and wheresoever situated of which I may die possessed, to the Reverend H. J. Lambert, to be used by him at his discretion for religious and educational purposes.

"Should the Reverend H. J. Lambert predecease me, then and in that event, I give, devise and bequeath all of the rest, residue and remainder of my estate unto the Reverend Anthony Scholten, to be used by him at his discretion for religious and educational purposes."

Heirs of the testatrix are plaintiff Yeager, a grandniece, defendant Elders, a niece, and defendant Love, executrix of a deceased sister.

By her petition for declaratory judgment, plaintiff alleged that Article X of decedent's will was "void and ineffectual in law as to the legatees and beneficiaries" and asked the court to determine whether it was void and, if so, to direct the executrix with respect to disposition of decedent's residuary estate.

By his answer, the attorney general alleged and prayed the court should "rule and hold that a valid and binding public charitable trust" was created by decedent's will, and that the court retain jurisdiction of the trust for future actions, orders, and advice as may be desirable.

Reverend Lambert, by his answer, alleged that decedent's will "sets up a valid trust under the laws of this State, and that this defendant is qualified and willing to carry out the provisions of said trust * * *." He prayed a declaration accordingly and that the court direct the trustee to carry out its provisions and report his actions to the court.

Marie K. Johns, Executrix, also alleged that decedent's will created a legal, valid and binding trust according to Missouri law, and prayed a declaration accordingly, and that she be ordered to distribute the residue of decedent's estate to the trustee, Reverend Lambert.

The court entered Finding, Declaration & Adjudication that Article X of decedent's will was invalid and void, because:

"Beneficiary or beneficiaries of the purported charitable trust is or are so uncertain that same can not be, with certainty as to the intention of the testatrix, carried into effect; and, no rule or directive of any nature is set out in Article X by which beneficiary of beneficiaries can be ascertained, as may have been intended by testatrix.

"ORDERED that, after payment of the specific bequests, provided for in the Last Will and Testament of Sadie Donahoe, testatrix, the rest, residue and remainder of her estate and property, referred to in Article X, be distributed to her heirs at Law as provided by the laws of descent and distribution."

Appellant-Executrix Johns and Appellant-Trustee Lambert join in contending

that the court erred in this declaration "because Article X left the residue of the estate for charitable purposes (religious and educational) [and] created a valid, binding, charitable trust, by authorizing a trustee to use the residue of the estate, at his discretion, for religious and educational purposes and the trustee is ready, willing and able to act."

Appellant Attorney General takes the same position, contending that "the will creates a valid charitable trust for religious and educational purposes where the trustee is authorized to apply the trust property to any religious or educational purposes as he may select; and the trustee has indicated he is willing and able to make the selection, and that Article X is sufficiently definite and certain so that the class of beneficiaries can be ascertained." This appellant also asserts, in support of his position, the proposition that "a Court of Equity can compel the trustee to exercise his discretion and select what religious and educational organizations are to be the beneficiaries of the trust and may restrain a diversion or threatened diversion from the stated purposes."

Respondent Yeager, in support of the court's declaration, contends that Article X was "invalid and void" because the "beneficiary or beneficiaries of the purported charitable trust is or are so uncertain that same cannot be, with certainty as to the intention of the testatrix, carried into effect; and, no rule or directive * * * is set out * * * by which beneficiary or beneficiaries ascertained, as may have been intended by testatrix." This respondent also asserts that the purported trustee would be free from supervision unless the court "is willing to write the will"; and that "a valid charitable trust requires that there be a definitely ascertainable class of beneficiaries but that the members of this class be indefinite and open to the public."

Respondent Love also supports the court's declaration asserting "that the language of the will in question did not create a valid charitable trust."

Certain general propositions should be recognized preliminary to stating the question.

A gift for religious or educational purposes is a gift for charitable purposes under the law in Missouri. Ervin v. Davis, 355 Mo. 951, 199 S.W.2d 366; First Nat. Bank of Kansas City v. University of Kansas City, Mo., 245 S.W.2d 124; Harger v. Barrett, 319 Mo. 633, 5 S.W.2d 1100, 2 Rest. Trusts 2d, §§ 370, 371. No particular words are required to create an express' trust; equity need only to ascertain the intention of the creator of the purported trust. Ramsey v. City of Brookfield, Mo., 237 S.W.2d 143. That beneficiaries of a charitable trust are indefinite does not invalidate it since a trust is not a charitable trust where all beneficiaries are definitely ascertained. Buckley v. Monck, Mo., 187 S.W. 31; 2 Rest. Trusts 2d, § 364. Charitable trusts are the favorites of equity and are construed valid where possible and where private trusts would fail. Burrier v. Jones, Mo., 92 S.W.2d 885.

With these principles in mind, the question is stated: Does a devise in trust to a named trustee to be used in the discretion of said trustee for religious and educational purposes create a valid, public charitable trust?

In contending that the language of Article X did create a valid, public charitable trust, appellants rely principally upon authorities construing similar devises in trust to have created valid, public trusts as against charges that they were void for indefiniteness and vagueness, e. g., Chambers v. City of St. Louis, 29 Mo. 543, for "poor emigrants and travelers coming to St. Louis on their way, bona fide, to settle in the west"; Howe v. Wilson, 91 Mo. 45, 3 S.W. 390, "to divide said remainder among such charitable institutions in the city of

St. Louis, Mo., as he shall deem worthy"; Powell v. Hatch, 100 Mo. 592, 14 S.W. 49, "to such charitable purposes as my said trustee may deem best"; Sappington v. Sappington School Fund Trustees, 123 Mo. 32, 27 S.W. 356, to "apply the interest of said fund to such other objects of charity in said county as in their judgment may be most needy"; Standley v. Allen, 349 Mo. 1115, 163 S.W.2d 1012, "in trust, for him and charge him with the duty of disposing of said balance of my estate to some worthy charitable organization, in Missouri, and the preference to be given to aged people"; Altman v. McCutchen, Mo., 210 S.W.2d 63, "to the charitable and other institutions devoted .to alleviation of human suffering and want"; Sandusky v. Sandusky, 261 Mo. 351, 168 S.W. 1150, "for the general advancement of Christianity"; Irwin v. Swinney, D.C.W.D.Mo., 44 F.2d 172, aff. Gossett v. Swinney, 8 Cir., 53 F. 2d 772, for furtherance and development of various charitable purposes as the trustees should, in their absolute discretion, determine to be in the public interest.

In contending that the court was correct in its declaration that Article X did not create a valid, public charitable trust, respondent Yeager relies principally upon cases where purported charitable trust devises were held void for indefiniteness, e. g., Schmucker's Estate v. Reel, 61 Mo. 592, "to be applied to a specific purpose which I [testator] have explained to him," and "for another and specific charitable purpose which he well understands"; Hadley v. Forsee, 203 Mo. 418, 101 S.W. 59, "to advance the cause of religion, and promote the cause of charity, in such manner as my dearly beloved wife may think will be most conducive to the carrying out of my wishes"; Jones v. Patterson, 241 Mo. 1, 195 S. W. 1004, "to be used for missionary purposes in whatever field he thinks best to use it, so it is done in the name of my dear Savior, and for the salvation of souls." See also Wentura v. Kinnerk, 319 Mo. 1068, 5 S.W.2d 66, "to such charitable uses

and purposes as [the executor] may determine."

All parties cite Epperly v. Mercantile Trust and Savings Bank, Mo., 415 S.W.2d 819, and, as suggested by Respondent Love, it reviewed the other cases cited by the parties and enunciated the controlling law on the question presented in this case.

The question in Epperly v. Mercantile Trust and Savings Bank, supra, was stated: Does a devise in trust to unspecified Protestant churches and religious organizations to save souls create a valid, public charitable trust? The answer to, and the ruling of, that question dictate an affirmative answer to the present question. After review of the authorities, the court held: "Where, as here, a trust provision gives to the trustee discretion in applying the trust property to the specified charitable purpose, the rules in Jones v. Patterson, supra [271 Mo. 1, 195 S.W. 1004], and other cases cited by respondents, should not be followed. Although there is conflict in the decisions, the weight of authority is that a charitable trust such as this trust is valid. Annotations, 22 A.L.R. 697 and 115 A.L.R. 1135, covering trusts for religious purposes; 163 A.L.R. 784, 'Charitable Gifts—Definiteness'; 168 A.L.R. 1350, 'Charitable Gift—Discretion of Trustee'; Rest. Trusts 2d, § 396; Bogert, Trusts and Trustees, 2nd Ed., § 376, p. 130 et seq. The class of religious organizations is here sufficiently certain: Protestant churches and religious organizations to be selected in the discretion of trustees. When so selected by the exercise of the trustee's discretion, such class will become fixed and definite, and certainly the purpose 'to save souls' is that of Protestant religious organizations and is charitable, Glidewell v. Glidewell, 360 Mo. 713, 230 S.W.2d 752. The objects of the trust are uncertain—i. e., innumerable persons who may be benefitted. Such is an essential requisite of a charitable gift. 14 C.J.S. Charities §§ 38, 39, pp. 473, 474; Buckley v. Monck, Mo., 187 S.W. 31, 33[1]. While a court of equity cannot un-

dertake to specify what Protestant churches are to be selected, it may compel the trustee to exercise that discretion, and may restrain a diversion or threatened diversion from the religious purpose, and enforce its orders by removal of the trustee. 14 C.J.S. Charities § 49, p. 508; Sandusky v. Sandusky, supra, 265 Mo. 219, 177 S.W. 390, loc. cit. 177 S.W. 394[3]; Howe v. Wilson, supra." 415 S.W.2d 1. c. 822[2–4].

2 Rest. Trusts 2d, § 396, recognized in the foregoing holding, states the rule regarding requisite certainty and definiteness of public charitable trusts succinctly: "A charitable trust is valid, although by the terms of the trust the trustee is authorized to apply the trust property to any charitable purpose which he may select and the trustee is able and willing to make the selection."

■ Similarly, Miss Donahoe's devise in trust to Reverend Lambert to be used in the trustee's discretion for religious and educational purposes created a valid, public charitable trust. The beneficiaries are sufficiently certain: religious and educational purposes to be selected in the discretion of a named trustee, who is ready, able and willing to act. When so selected by the trustee, such purposes will become fixed and definite, and religious and educational purposes are the very essence of a public charitable trust. First National Bank of Kansas City v. University of Kansas City, supra. Innumerable uses may be benefitted, dependent upon the exercise of the trustee's discretion, an essential element of a charitable gift in trust. The court cannot undertake to specify what religious and educational purposes the trustee shall select; nevertheless, the court may compel the selection and control diversion from the selected purposes. Epperly v. Mercantile Trust and Savings Bank, supra.

It is argued by respondent Love that under Epperly v. Mercantile Trust and Savings Bank, supra, Miss Donahoe's devise did not create a valid, public charitable trust because, in contrast to the devise in that case, "there are no general types * * * of religious or educational organizations named." The possibility of this argument was recognized (and perhaps suggested) in 32 Mo.L.R. 443, 458, that the quoted language "invites more attacks on powers to appoint to charity on the ground that the class of possible appointees is not sufficiently definite."

■ Such argument is categorically rejected on the premise that both Epperly v. Mercantile Trust and Savings Bank, supra, and this case hold that a devise in trust to unspecified charities creates a valid, public charitable trust even though the instrument creating the trust does not limit in any way the possible charitable appointees. This has long been the law in Missouri, e. g., Chambers v. City of St. Louis, supra (1860), Howe v. Wilson, supra, (1887), Powell v. Hatch, supra (1890), favorably construing similar devises as demonstrated by their prior quotation, and which were followed in Epperly v. Mercantile Trust and Savings Bank, supra.

Accordingly, the judgment is reversed, and the cause is remanded with directions to declare that Article X of the will of Sadie Donahoe, deceased, created a valid, public charitable trust, order Marie K. Johns, Executrix, to deliver the residuary estate to the named trustee or his successor, and order that such trustee execute the trust under supervision of the court.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

HOLMAN, P. J., BARDGETT, J., and RUSSELL, Special Judge, concur.

SEILER, J., not sitting.