STATE of Missouri ex rel. Garry
E. CHAMPION, Relator,

v.

The Honorable Calvin HOLDEN, Judge of the Circuit Court of Greene County, Missouri, Probate Division, Respondent.

No. 21593.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 29, 1997.

Jerry L. Reynolds, Reynolds & Conway, P.C., Springfield, for Relator.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Craig F. Martin, Asst. Attys. Gen., Jefferson City, for Respondent.

*PRELIMINARY ORDER DISSOLVED*

PREWITT, Judge.

The question presented is whether the Attorney General of Missouri has standing to bring the underlying action. Relator seeks this Court to prohibit Respondent from proceeding further in an action pending in the Circuit Court of Greene County, Missouri, entitled State of Missouri ex rel. Jeremiah W. (Jay) Nixon, Attorney General of Missouri, Plaintiff, vs. Garry E. Champion, *in his individual capacity and as Trustee of the Edith M. Short Trust, Springfield Community Foundation, Missouri Baptist Children's Home, Shriners Hospitals for Crippled Children, American Heart Association, American Red Cross—Greene County Chapter, American Cancer Society, Defendants.*

Following Relator's petition in prohibition and the Attorney General's response, this Court issued a preliminary order. Prohibition is the proper remedy when an action is brought by a party who lacks standing. *State ex rel. Tang v. Steelman,* 897 S.W.2d 202, 203 (Mo.App.1995). "Standing to sue is

an interest in the subject of the suit, which if valid, gives that person a right to relief." *Earls v. King,* 785 S.W.2d 741, 743 (Mo.App. 1990).

Plaintiff's first amended petition in the circuit court suit summarizes the contentions presented there:

> The Attorney General, as representative of the citizens of Missouri in matters pertaining to and connected with charitable trusts, brings this petition to remove defendant Garry Champion as trustee of the Edith Short Trust (here-inafter "Trust") and recoup funds either converted, wasted or misappropriated by the defendant. Defendant Garry Champion engaged in various acts of self-dealing by converting Trust funds to personal use, failing to distribute corpus and income of the Trust to the charitable beneficiaries as required by the Trust instrument, state and federal law, and managed the assets of the Trust in a manner inconsistent with the public interest, the interest of the charitable beneficiaries and his fiduciary duty to the Trust.

■ The first amended petition alleged that Relator was to "convey 2/7 of the Trust corpus to the Community Foundation of Springfield." Apparently, this allegation refers to the organization earlier denominated and referred to in the petition as the "Springfield Community Foundation." The petition further alleges that the trustee is "to convey 1/5" of the trust income each to the American Heart Association, Missouri Baptist Children's Home, Shriners Hospitals for Crippled Children, American Cancer Society, American Red Cross, Greene County.[1]

IVA AUSTIN WAKEMAN SCOTT AND WILLIAM FRANKLIN FRATCHER, SCOTT ON TRUSTS, p. 108 (4th ed.1988) states:

§ 364. *Indefinite Beneficiaries*

> The most important distinction between a private trust and a charitable trust is with reference to the beneficiaries....

[A] private trust is not valid unless there is a beneficiary who is definitely ascertained at the time of the creation of the trust or definitely ascertainable within the period of the rule against perpetuities. In the case of a private trust no one except a beneficiary or one suing on his behalf can maintain a suit to enforce the trust. In the case of a charitable trust the beneficial interest is not given to individual beneficiaries, but the property is devoted to the accomplishment of purposes that are beneficial or are supposed to be beneficial to the community, and the persons who are to receive benefits from the trust need not be designated. A charitable trust is enforceable at the suit of the Attorney General, and ordinarily is not enforceable at the suit of any individual beneficiary, although in the case of some charitable trusts there may be beneficiaries having such a special interest in the performance of the trust as to entitle them to maintain a suit to enforce it.

. . . .

[A] trust is not a charitable trust where all of the beneficiaries are definitely ascertained . . .

■ "A public trust is one in which the public at large, or some undetermined portion of it, have a direct interest or property right, or in which the beneficiaries cannot be ascertained with certainty." *Holman v. Renaud,* 141 Mo.App. 399, 125 S.W. 843, 845 (1910). *See also Voelker v. St. Louis Mercantile Library Ass'n,* 359 S.W.2d 689, 693 (Mo.1962); *Dickey v. Volker,* 321 Mo. 235, 11 S.W.2d 278, 281, *cert. denied,* 279 U.S. 839, 49 S.Ct. 252, 73 L.Ed. 986 (1929)(charitable trusts benefit an indefinite number).[2]

The history of charitable trusts and the reason for the attorney general's involvement is stated in *Dickey,* 11 S.W.2d at 281:

> Ordinarily, a trust for the benefit of an indefinite number is void, for the reason

---

1. The trust, by its sixth amendment, used "distribute" to those entities rather than "convey." When used in the transfer of property, "conveyance" is ordinarily limited to an interest in real property. *Wigley v. Capital Bank of Southwest Missouri,* 887 S.W.2d 715, 719 n. 2 (Mo.App. 1994).

2. Missouri cases refer to certain trusts as "charitable" or "public," apparently with the same meaning.

there is no one to enforce it. In England charitable trusts came to be favored. The result was an exception to the general rule in favor of such trusts. The king was the guardian of such trusts, and enforced them by his Attorney General with the aid of the chancellor. In this country the people as guardian enforce them in the equity courts by their Attorney General. An individual member of the public has no vested interest in the property or funds of the trust. In common with other members, he has an interest in the charitable use. He has no right of action for the mismanagement or misuse of the fund. Any action on this account must be taken by the Attorney General as the representative of the public. However, those with a special interest may enforce the trust, or a localized or grouped charity may be enforced by a class suit. In such suits it is proper and often necessary to make the Attorney General a party defendant.

██ The Attorney General cannot sue in his official capacity unless the trust is public and indefinite to the point that no individuals or corporations have the right to bring such an action. *Id.; Holman,* 125 S.W. at 845. The central nature of a charitable trust is that the objects of the trust are uncertain or indefinite, and there are innumerable persons who may be benefited. *Yeager v. Johns,* 484 S.W.2d 211, 214 (Mo.1972); *Epperly v. Mercantile Trust & Svgs. Bank of Quincy, Ill.,* 415 S.W.2d 819, 822 (Mo.1967). "An essential element of a public charity is that it is not confined to certain individuals but open to an indefinite public." *In re Rahn's Estate,* 316 Mo. 492, 291 S.W. 120, 128 (1927). A trust is not a public charitable trust where all beneficiaries are definitely ascertained. *Yeager,* 484 S.W.2d at 213; *Pilgrim Evangelical Lutheran Church v. Lutheran Church—Missouri Synod Foundation,* 661 S.W.2d 833, 838 (Mo.App.1983).

In *First Nat'l Bank of Kansas City v. Jacques,* 470 S.W.2d 557 (Mo.1971), a will creating a trust provided that upon the death of each of the testator's sons the amount of the trust for that son "be paid over, free from this present trust, by the Trustee to the BOARD OF TRUSTEES OF THE UNI-VERSITY OF KANSAS CITY, Kansas City, Missouri, to be added to their scholarship aid funds, the income to be disbursed by grants or by loans to students of the undergraduate, graduate, or postgraduate departments of said university." *Id.* at 559. The court recited that the University of Kansas City "was not the beneficiary of the trust created by the will. The beneficiaries were 'students of the undergraduate, graduate, or postgraduate departments of said university' who were to receive 'grants or loans' payable from the income of the trust property." *Id.* at 560. The court said the law recognizes "that in a public charity uncertainty as to the individuals whom the benefit may reach is one of its essential features." *Id.* The court also stated that the attorney general represents the public in the enforcement of a charitable trust and was a proper party in that suit. *Id.* at 559.

The above authorities establish that where there are clearly designated beneficiaries of a trust, even when they are well recognized charities, they alone must seek to enforce those provisions benefiting them. There is no need for the involvement of the attorney general in these instances. The attorney general can proceed only when there are no persons or entities who can reasonably be determined as the benefit is to the general public or a portion of it.

Each of the Defendants to whom it was alleged that trust income is to be paid is described in the first amended petition as "a named beneficiary of the Edith M. Short Trust." There were seven amendments to the trust, the last being four days before Edith M. Short's death, and signed and acknowledged by Relator as Edith M. Short's "attorney in fact." The seventh amendment appointed Relator Trustee. The sixth amendment describes the distributions relevant here. After providing for a trust for Geraldine Bogdan, it states:

C. *Charitable Residue.* The Trustee shall distribute the balance of the Trust Estate as set out below:

1. The Trustee shall distribute outright two-sevenths (2/7ths) of the balance in trust for the benefit of the COMMUNITY FOUNDATION, INC., or its

successors, to be added to its endowment fund with the income therefrom to be distributed at least semi-annually to a needy person(s) or family(ies) in the Springfield and Southwest Missouri area selected by such organization.

2. The Trustee shall hold the remainder of the Trust Estate in trust and make semi-annual payments of the income as follows:

   a. The Trustee shall pay one-fifth (1/5th) of the income to the MISSOURI BAPTIST CHILDREN'S HOME, or its successors, for the use and benefit of its group homes in Mt. Vernon, Missouri;

   b. The Trustee shall distribute one-fifth (1/5th) of the income to the SHRINERS HOSPITALS FOR CRIPPLED CHILDREN, a Colorado corporation, or its successors, for the benefit of its hospital located in St. Louis, Missouri;

   c. The Trustee shall distribute one-fifth (1/5th) of the income to the AMERICAN HEART ASSOCIATION, or its successors;

   d. The Trustee shall distribute one-fifth (1/5th) of the income to the AMERICAN CANCER SOCIETY, Missouri Division, Inc., or its successors;

   e. The Trustee shall distribute one-fifth (1/5th) of the income to the AMERICAN RED CROSS, GREENE COUNTY CHAPTER, SPRINGFIELD, MISSOURI, or its successors;

Following the reasoning in *Jacques,* we conclude that the language in the sixth amendment (C.l.), referring to the "Community Foundation, Inc., or its successors" which provides that it distribute the income at least semi-annually "to a needy person(s) or family(ies) in the Springfield and Southwest Missouri area selected by such organization" makes this, in part, a "public" or "charitable" trust. The Attorney General,

therefore, has standing to bring this action. This portion of the trust, and only this portion, makes the trust sufficiently "public" to give standing to the Attorney General.[3]

The persons who may benefit through the distribution to the Community Foundation, Inc., or its successors, are so indefinite that the Attorney General may proceed. This Court's preliminary order is dissolved.

GARRISON, P.J., and CROW, J., concur.

---

**3.** The brief of the Attorney General makes no mention of this language and does not appear to rely upon it. Nevertheless, we do so because of the public interest in the trust and what we perceive as an undisputed basis for the Attorney General to proceed.